Ben Dolen, plaintiff in error, v. State of Nebraska, defendant in error.

27 N. W. 2d 264

Filed May 2, 1947.    No. 32191.

*J. A. Hayward* and *L. R. Doyle,* for plaintiff in error.

*Walter R. Johnson,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Paine, J.

Defendant was convicted of the offense of receiving stolen whiskey and was sentenced to the penitentiary for two years. He gave bond for $2,500, and by a petition in error brings the case here for a review by this court.

The following are the assignments of error:

(1) The court erred in overruling defendant's motion for a continuance of the case so that defendant could take the deposition of Anna Hager, the one and only material witness to his defense.

(2) The court erred in refusing to grant a continuance of the trial in order to give defendant's attorney time in which to prepare a defense.

(3) The court erred in appointing counsel for the defendant and forcing him to trial on the same day that he was appointed.

(4) It was error and a violation of the constitutional rights of the defendant, under the provisions of Articles V, VI, and XIV of the amendments to the Constitution of the United States of America, in refusing to grant a continuance, both for the purpose of obtaining the deposition of a material witness to the defense, and for the purpose of giving the counsel for defendant time to prepare his case.

In order to determine whether the trial court arbitrarily denied the defendant the right to a fair trial under the law by refusing him a continuance, it will be necessary to briefly review some of the record in this case.

On Sunday night, February 3, 1946, two men broke into a liquor store in Lincoln and stole liquor therefrom, and on February 7, 1946, they were arrested and sentenced to the penitentiary for seven years.

On February 7, 1946, the defendant was arrested, charged with receiving such property knowing it to have been stolen. He was given a preliminary hearing in the municipal court on February 15, 1946, being present in person and with his attorney, Mr. Marx. Defendant pleaded not guilty, evidence was taken, and he was bound over to the district court and recognizance was fixed at $2,000.

In the district court, on April 27, 1946, a motion and affidavit of the defendant for continuance was filed, setting out that his only witness was placed on a bus and forced by the police to leave town, and that he had been unable to locate her "until the past day or two," that her testimony would be very material in his behalf, and that she "knows that the goods were

placed in my house without the knowledge it was stolen."

The defendant filed another motion and affidavit on April 29, 1946, setting out in brief: That he was charged with a felony. That Mrs. Ann Hager was the only witness whose testimony would be material to his defense. That a day or two after his arrest the police ordered her out of town and a policewoman put her on the bus and ordered her not to come back to Lincoln. That this was after the police were told that her testimony was material to his defense. That only in the last day or two had he learned that she was residing at Fulton, Missouri. That he had told his counsel the testimony this witness will give, and was advised by counsel that such testimony was not only material, but absolutely essential, to his defense. The defendant also filed a poverty affidavit on April 29, 1946.

J. A. Hayward, an attorney, appearing in the case for the first time, filed an affidavit on April 29, 1946, in which he stated that defendant had discussed the case with him and told of a witness, Mrs. Ann Hager, who if present would testify to certain facts, and that her testimony would be highly material to his defense, but she is out of the state of Nebraska, living at Fulton, Missouri, and will not return to the state because she was told by the police not to return. Defendant asked that the court compel the attendance of this witness at his trial.

On April 29, 1946, the defendant was duly arraigned, pleaded not guilty, and the case was set for trial. Thereupon, the hearing was had on the motions and affidavits for continuance. The defendant called his former attorney, J. Jay Marx, and the state called the chief of police, Joe Carroll, and Gene Masters, captain of detectives.

Mr. Marx said that he represented this witness, Mrs. Anna Hager, in a divorce proceeding now pending in the same court, and he testified: "I represented Mr.

Ben Dolen until last week." He testified that on February 15, 1946, at the time of the preliminary hearing, he told the chief of police, Joe Carroll, that Mrs. Hager was the only witness that Mr. Dolen would have and it was very important that she remain in the city so she could testify at the time the case was called in the district court, but that they had her pack up a few of her belongings and wired her husband for railroad fare, put her on a bus and told her if she came back they would put her in jail. "Q. But you did talk to her personally? A. I did. I talked to her at her home in West Lincoln while Detective Robbins was also present but I don't believe he overheard my conversation. We went into another room and I talked to her and at that time she told me she didn't want to leave and wanted to be here and wanted to testify but that they weren't letting her."

He said that later on, when the defendant, Ben Dolen, was in his office, he called her husband at Quincy, Illinois, over the telephone and he said she was not there, but was in some town in Missouri. He further testified that he had discussed with her the evidence in the Dolen case, and that in his opinion, unless she was there to testify, Mr. Dolen would not have a proper defense.

The two police officers testified to the effect that Mrs. Hager told them that she was scared of defendant Dolen, wanted to get away from him, and wanted to go back to her husband; that she wired her husband and got money from him to buy a bus ticket, and she told them that she had been half crazy ever since they put the stolen liquor in the basement of her house. It appears from the evidence that Mrs. Hager's baby was in College View, and that Miss Stahnke, of the police department, took Mrs. Hager out to College View, brought her baby in, and placed them on the bus. It also appears that Mrs. Hager bought a ticket for Omaha.

With these facts before us, we will discuss the law relating to this matter.

"Where any issue of fact is joined on any indictment, and any material witness for the defendant resides out of the state, or, residing within the state, is sick or infirm or is about to leave the state, such defendant may apply in writing to the court in term time, or the judge thereof in vacation, for a commission to examine such witness upon interrogatories thereto annexed, and such court or judge may grant the same, and order what and for how long a time notice shall be given the prosecuting attorney before the witness shall be examined." § 29-1904, R. S. 1943. See, also, § 25-1251, R. S. 1943.

A provision of the Nebraska Constitution is pertinent, and reads: "In all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation, and to have a copy thereof; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Const., art. I, sec. 11.

"Under the Federal Constitution and the Constitutions of most, if not all, of the states, one accused of a crime has the right to have compulsory process to procure the attendance of witnesses. The right thus given is that of issuing subpoenas as in civil cases. It does not allow a defendant to burden the prosecution with the work of securing the attendance of witnesses in his behalf. * * * If they are beyond the limits to which the process of the court runs, the defendant is entitled to a commission to take their testimony by deposition, for he has the right to have their testimony before the court even if its process is powerless to compel their attendance." 14 Am. Jur., Criminal Law, § 163, p. 881.

It is thus seen that the granting of a continuance is

as much in the discretion of the court, where the absent witness is a nonresident, or temporarily out of the state, as where he is in the state. It thus appears that the law guarantees him that right, and a reasonable time must be allowed defendant to secure such evidence.

Generally this court has held that "An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be held erroneous, unless an abuse of discretion is disclosed by the record." Maher v. State, 144 Neb. 463, 13 N. W. 2d 641. See, also, Smith v. State, 127 Neb. 776, 257 N. W. 59.

We realize that, where the evidence does not appear to the court to be of any importance, or where it is too remote to affect the verdict, or if the witness would simply add to the state's expense one more to many witnesses already ordered brought in for the defendant, whose evidence would be immaterial or merely cumulative, then there would ordinarily be no abuse of discretion in denying the application for an order to take the deposition of or have such witnesses produced to testify for the defendant.

But, in the case at bar, this witness, Anna Hager, and the defendant were the only people in that house when the thieves put the whiskey in the cellar that night. She is the only witness to the facts that the defendant can possibly have, as stated in his affidavits.

We do not agree with the theory advanced by some courts that "An 'abuse of judicial discretion' means merely that the reviewing court would have decided differently under the same circumstances." Swall v. Anderson, 140 P. 2d (Cal. App.) 196.

Rather, it is our view that, when judicial discretion is exercised contrary to law or to the commonly-recognized legal principles, it indicates an abuse of discretion. See C. I. T. Corp. v. Waltrip, 48 S. W. 2d (Tex. Civ. App.) 340; Borger v. Mineral Wells Clay Products Co., 80 S. W. 2d (Tex. Civ. App.) 333.

We hold in the instant case that defendant made timely application to secure the evidence of his only witness and the application should have been granted.

The second assignment of error is the refusal to grant a continuance to give defendant's attorney time in which to prepare a defense. The record shows that on Monday, April 29, 1946, motions and affidavits were filed for a continuance. The court ordered a hearing thereon at once, and the witnesses testified. However, the court took the matter under advisement until Saturday, May 4, 1946, at which time he overruled defendant's motions and set this felony case for trial to the jury on Monday, May 6, 1946, at which time the court entered an order appointing J. A. Hayward as defendant's attorney and, overruling all objections to continuance, impaneled a jury.

In preparing the case for the defendant, the attorney just appointed found a long information on file with the names of ten witnesses endorsed on the back of it who were to be called as witnesses for the state.

It is contemplated that there are good reasons why the state is required by section 29-1602, R. S. 1943, to endorse on the back of the information the names of all of its witnesses. One reason must be, so that the defendant's attorney will confer with his client and have time to make a good-faith investigation as to the facts about these witnesses and their connection with the case, and also so that he will be able to properly cross-examine them at the trial to bring out all the facts in evidence before the jury.

Even in a civil case this court has recognized the necessity for time for the proper preparation of a case. "Where the district court refused to allow the defendant a continuance, and the defendant was thereby prevented from presenting its theory of its defense to the court and jury, and was denied a fair trial, the action of the court will be deemed to be an abuse of discretion, for which a new trial will be

granted." Richelieu v. Union P. R. R. Co., 97 Neb. 360, 149 N. W. 772.

In felony cases a defendant is entitled to have a lawyer appointed, as provided in section 29-1803, R. S. 1943, with some time for consultation with the defendant and for investigation of the information against him, and the witnesses thereon named. It is important that the defendant have aid of his counsel in the preparation of his case, as much as in the trial thereof. See Powell v. Alabama, 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A. L. R. 527.

It is the general rule that "The duty imposed on the courts to assign counsel to defend one accused of a crime who is himself unable to employ counsel was not intended to be a mere empty formality. It means more than the mere appointment of counsel. Such duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. It is a general rule that a reasonable time for the preparation of a defendant's case must be allowed between the time of assignment of counsel by the court and the date of trial." Annotation, 84 A. L. R. 544.

It is to be noted that, in the case at bar, the affidavits attached to the several motions for continuance were not controverted by any counteraffidavits. It appears to this court that there was not sufficient time for defendant's counsel, after his appointment, to become familiar with all the facts necessary for him to ascertain to secure to this defendant the legal rights the law affords to him.

In our opinion, under the record in this case, it was prejudicial to the rights of the defendant to compel his attorney to proceed with a jury trial without sufficient time to examine into the case.

Therefore, we pass upon this petition in error without considering the evidence given on the trial of the main case, the instructions to the jury, or the verdict and sen-

tence, for we have reached the conclusion that this case should be remanded for further proceedings because of the refusal, under all the facts as shown in the motions and affidavits, to grant a continuance.

REVERSED AND REMANDED.