STATE OF NEBRASKA, APPELLEE, V. KEN SLUYTER, APPELLANT.

401 N.W.2d 480

Filed February 20, 1987.    No. 86-562.

David W. Jorgensen of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal of defendant's conviction by a jury of one count of theft by deception, in violation of Neb. Rev. Stat. § 28-512 (Reissue 1985), and two counts of failure to appear, in violation of Neb. Rev. Stat. § 29-908 (Reissue 1985). The only error assigned by defendant is that the district court erred in overruling defendant's motion for a continuance so that he could obtain a different attorney. We affirm.

The record discloses that in an information filed on February 25, 1986, the defendant was charged with one count of theft by deception occurring on October 7, 1983, and two counts of failure to appear before the county court, on September 30, 1984, and on February 22, 1985. The charge of theft by deception involved the defendant's alleged obtaining of property belonging to Kenneth Hervert. The defendant received a pickup truck from Hervert in exchange for a pickup truck which the defendant represented he owned but, in fact, did not. The failure to appear charges arose out of the defendant's failure to appear in county court on two occasions in proceedings concerning the theft charge. Shortly after defendant's arrest in January or February 1986, the public defender of Buffalo County was appointed to represent defendant. The public defender represented defendant at a preliminary hearing and, later, at the arraignment in these proceedings on April 3, 1986. At that time the defendant was present with the public defender and entered pleas of not guilty

on all charges. Trial was set for the jury session commencing May 12, 1986.

On the day trial was to begin, the defendant appeared in court with a different attorney, David Jorgensen. Jorgensen stated he appeared for defendant only to seek a continuance of the trial, with the understanding that if the continuance was denied, Jorgensen would not represent defendant further and the public defender would represent defendant in the jury trial. A hearing on the oral request for a continuance was held immediately. At the hearing the defendant testified that he had been living in Oklahoma "for some part of this time between February and now [May 12, 1986]." He further testified that he returned to Nebraska twice during that time in connection with his case, once for the preliminary hearing and once for his current appearance for trial. Defendant testified that he did try to call the public defender on several occasions regarding his case.

Gary Hogg, the public defender assigned to represent the defendant, testified that on April 15, 1986, he sent the defendant a letter requesting information concerning witnesses to be used in the defense. This letter stated: "Per our previous conversations, it is necessary that you get me the information concerning witnesses and what they are going to say, in writing, as soon as possible, or I will not be able to adequately prepare for your defense, the jury trial session in May." The letter also contained a handwritten addition, as follows: "P.S.—I need the information on or before 21 April 1986, to begin adequate preparation for trial & that's pressing the time frame." Hogg testified that he received no written response to this letter, although he had further telephone conversations with defendant.

The district court overruled defendant's motion for a continuance. A jury was selected on May 12 and the case tried to that jury on May 13 and 14. The defendant was subsequently convicted on all three charges and was sentenced to the Nebraska Penal and Correctional Complex for a term of 6 months on the charge of theft and 1 year on each of the charges of failure to appear. The 1-year sentences were to be served concurrently, but consecutively to the 6-month sentence on the

theft charge.

The defendant alleges in his appeal that the district court erred in failing to sustain his motion for a continuance so that new counsel could be obtained. In Nebraska it has been held that a motion for continuance is addressed to the court's sound discretion, and absent a showing of an abuse of that discretion the trial court's ruling will not be disturbed on appeal. *State v. Polyascko, ante* p. 272, 397 N.W.2d 633 (1986); *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986). We further held in *Lynch* at 859-60, 394 N.W.2d at 660, "There is no abuse of discretion by the court in denying a continuance unless it clearly appears that the defendant suffered prejudice as a result of that denial."

The bill of exceptions filed herein contains only the proceedings of the hearing on defendant's motion for a continuance and the hearing on the motion for a new trial after defendant's conviction. There is no record before us as to the trial itself, and thus no showing whether the defendant was prejudiced or not as a result of the denial of the motion for continuance. The record shows that Hogg's alleged inadequacies in subpoenaing defense witnesses were largely due to defendant's failures to provide names, addresses, and possible testimony of such witnesses. It would appear that defendant's attitude as displayed in his two previous failures to appear in court carried over to his failure to cooperate with his attorney in his trial on those same two charges.

There was no abuse of discretion on the part of the trial court in refusing to grant the defendant's motion for continuance. The judgment of the district court is affirmed.

AFFIRMED.