STATE OF NEBRASKA, APPELLEE, V. DAVID E. SANTOS, APPELLANT.

468 N.W.2d 613

Filed May 3, 1991.   No. 90-245.

James H. Truell for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Pursuant to verdict, defendant-appellant, David E. Santos, was adjudged guilty of first degree sexual assault, in violation of Neb. Rev. Stat. § 28-319 (Reissue 1989). After being found not to be a mentally disordered sex offender, he was sentenced to imprisonment for a period of not less than 8 nor more than 10 years. Santos urges the district court erred in, among other things, refusing to permit his attorney to withdraw and refusing to grant a continuance of the scheduled trial. We reverse the judgment of the district court and remand for a new trial.

On August 10, 1989, an information was filed which charged Santos with one count of the aforementioned crime stemming from his alleged forceful sexual penetration of a woman on June 12 of that year. Santos, represented by a private attorney, was arraigned on September 7, 1989, and entered a plea of not guilty. At that time, a jury trial was set for December 18, 1989. Santos' bail bond, apparently posted prior to arraignment, was continued, and Santos remained free on the subject charge.

On November 1, 1989, Santos' attorney filed a motion to withdraw, citing Santos' failure to maintain contact with the attorney, failure to comply with the district court's orders and his attorney's advice relative to submitting to certain tests, and failure to pay the attorney so that pretrial discovery could be undertaken, and Santos' financial condition, which allegedly rendered him a proper candidate for representation by the public defender. Although personally served with notice on November 7, 1989, that a hearing would be held on the motion at 4:30 p.m. that day, Santos failed to appear. The district court took no action on the motion, choosing instead to continue it from day to day.

Santos did not contact his attorney until the week prior to trial, and it appears the attorney was unable to meet with Santos until the Friday prior to the scheduled trial. No action was taken on the motion to withdraw until the day of trial.

Upon appearing for trial on December 18, 1989, the attorney renewed his motion to withdraw. After questioning Santos

regarding his failure to maintain contact with his attorney, the district court overruled the motion, notwithstanding Santos' assertion that he had become unable to pay for his attorney's services.

The attorney, upon leave of court, next filed notice that Santos wished to present evidence regarding his prior sexual contact with the victim. That notice was coupled with a motion for an in camera hearing regarding the use of such evidence of prior sexual conduct. Acknowledging the requirement of Neb. Rev. Stat. § 28-321(1) (Reissue 1989) that such notice of intent to present evidence of prior sexual conduct be given 15 days prior to trial, the attorney further orally requested that the trial be continued so as to allow the notice to be in compliance with the aforementioned statute. The district court overruled these motions and ruled further that evidence of the victim's prior sexual conduct would not be allowed at the trial and that the trial would begin that day. The matter proceeded accordingly.

In view of the resolution concerning the district court's refusal to sustain Santos' motion for a continuance, we do not concern ourselves with whether it should have permitted Santos' private attorney to withdraw. We begin our analysis of the continuance issue by recalling that a motion for continuance is addressed to the discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. *In re Interest of H.P.A.*, 237 Neb. 410, 466 N.W.2d 90 (1991); *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990). See, also, *Eastroads, Inc. v. City of Omaha*, 237 Neb. 837, 467 N.W.2d 888 (1991). Although not mentioned by either party, it must be noted that Neb. Rev. Stat. § 25-1148 (Reissue 1989) provides, in pertinent part:

> Whenever application for continuance or adjournment is made by a party or parties to any cause or proceeding pending in the district court of any county, such application shall be by written motion entitled in said cause or proceeding and setting forth the grounds upon which said application is made, which motion shall be supported by the affidavit or affidavits of person or persons competent to testify as witnesses under the laws of this state, in proof of and setting forth the facts upon

which such continuance or adjournment is asked.

Not only was the application for continuance in this case made by oral motion, the motion was not supported by affidavits.

However, the failure to comply with the provisions of § 25-1148 is but a factor to be considered in determining whether a trial court abused its discretion in denying a continuance. *State v. Perez*, 235 Neb. 796, 457 N.W.2d 448 (1990). Here, the motion for continuance was made immediately after the district court, on the very morning of trial, denied the attorney leave to withdraw on a motion which had been pending before it for 41 days. In addition, the circumstances leading to the request for a continuance were not only within the district court's knowledge but in part created by it. Under those conditions, the oral nature of the motion and the lack of a supporting affidavit are not, in and of themselves, a sufficient basis upon which to declare that the district court did not abuse its discretion in denying the continuance.

We thus move on to a consideration of the merits of the continuance request. In *Dolen v. State*, 148 Neb. 317, 27 N.W.2d 264 (1947), this court held that the defendant's motion for a continuance, made 9 days prior to trial, but 71 days after his preliminary hearing, in order that he might secure the testimony of his only material witness, who then resided out of the state, was timely and should have been granted. The *Dolen* court went on to state that the trial court further erred in not allowing a continuance so that defense counsel, appointed to represent defendant on the day of trial, could properly prepare a defense.

The general rule articulated in *Dolen*, that a continuance must be granted to allow defense counsel adequate time to prepare a defense, is recognized in courts throughout the country. See, e.g., *Collins v. State*, 276 Ark. 62, 632 S.W.2d 418 (1982); *State v. Simpson*, 403 So. 2d 1214 (La. 1981); *Marler v. State*, 382 So. 2d 644 (Ala. Crim. App. 1980); *In re Welfare of T.D.F.*, 258 N.W.2d 774 (Minn. 1977).

However, when the defendant's own actions or inactions are responsible for that lack of preparation, this court has refused to hold the failure to grant a continuance to be an abuse of discretion, even where defense counsel has had little time to

prepare. See, e.g., *State v. Sluyter*, 224 Neb. 768, 401 N.W.2d 480 (1987) (not an abuse of discretion to deny continuance to defendant who chose not to meet with appointed counsel between the preliminary hearing and trial).

On the other hand, courts have demonstrated a willingness to find error in a trial court's refusal to grant a continuance where the trial court itself is partially responsible for defense counsel's lack of preparation. See, e.g., *Swann v. City of Huntsville*, 471 So. 2d 1268 (Ala. Crim. App. 1985); *Swaim v. State*, 257 Ark. 166, 514 S.W.2d 706 (1974). In *Swann*, a trial court ordered a hearing on a petition for habeas corpus on the same afternoon it was received by the court. The trial court in that case notified petitioner's attorney of the scheduled proceeding, by telephone, 2 hours 15 minutes before the hearing was scheduled to begin, despite the fact that the attorney was then located 95 miles from the situs of the inquiry. The appellate court reversed, as an abuse of discretion, the trial court's denial of the petitioner's motion for a continuance, entered by the petitioner himself due to his attorney's inability to get to the proceeding on time. In so ruling, the appellate court noted that while a petitioner does not have a constitutional right to appointed counsel at a habeas corpus hearing, he or she does have a right to the presence of privately retained counsel at such proceedings.

The trial court's refusal to grant a continuance was similarly held to be an abuse of discretion in *Swaim*. In that case an apparent misunderstanding arose between the trial court and defense counsel, who was not licensed to practice in the state, regarding whether counsel would be allowed to represent the defendant at trial. On the day of trial, the trial court ruled that the out-of-state attorney would not be able to represent the defendant, leaving the trial to be conducted by a local attorney who had apparently done minimal work on the case. The trial court denied the local attorney's motion to continue the case, and trial was had that day, with the out-of-state attorney being barred from the courtroom and allowed to confer with local counsel only during recesses.

Although the Arkansas Supreme Court found the facts surrounding the misunderstanding somewhat unclear, it did note that the record unquestionably established a

misunderstanding between the trial court and the out-of-state attorney as to that attorney's ability to try the case; that this misunderstanding arose in part from statements of the trial court preceding trial; and that the out-of-state attorney had no inkling that he would be barred from the courtroom during the trial. Considering the totality of the circumstances presented in the case and noting the trial court's role in the misunderstanding, the Arkansas Supreme Court held that the motion for continuance should have been granted.

While Santos may have displayed a certain indifference to this case, the district court's 41-day delay in ruling on his chosen attorney's motion to withdraw left the attorney in a quandary as to his duties and Santos in doubt as to whom he should consult. Under those circumstances, it was not unreasonable for Santos to serve the notice required by § 28-321(1) on the day his attorney was denied leave to withdraw, and the district court thus abused its discretion in refusing to grant Santos a continuance.

Accordingly, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.