STATE OF NEBRASKA, APPELLEE, V.
LONDE S. ROUNDTREE, APPELLANT.
658 N.W.2d 308

Filed March 18, 2003.    No. A-02-479.

Thomas C. Riley, Douglas County Public Defender, for appellant.

Don Stenberg, Attorney General, and Susan J. Gustafson for appellee.

HANNON, INBODY, and MOORE, Judges.

HANNON, Judge.

## INTRODUCTION

Londe S. Roundtree appeals from an order overruling his motion for complete discharge upon the basis that he was denied a speedy trial. The controlling issue is whether Roundtree's rights to a speedy trial were violated when the court granted the State's oral motion for a continuance that necessitated setting the trial after the 6 months allowed under Neb. Rev. Stat. § 29-1207 (Reissue 1995), since the only showing for the continuance was the unsworn statements of the prosecutor that the continuance was necessary because the State could not arrange for three necessary witnesses who were in federal penitentiaries to be present on the date set for trial. We conclude that under the facts in this case, the oral statements were a sufficient showing to extend the trial time under § 29-1207(4)(c)(i). We therefore affirm.

## BACKGROUND

The transcript shows that Roundtree was charged by an information filed June 14, 2001, with murder in the second degree and use of a deadly weapon to commit a felony. The trial docket shows that on September 18, Judge Gary B. Randall directed the court administrator to assign the case to Judge Peter C. Bataillon; that on October 11, Judge Bataillon signed an order for a pretrial conference; that on November 14, he signed an order setting the matter for trial (no trial date was noted on the trial docket); and that on November 26, he signed three "Writs of Habeas Corpus ad Testificandum." An order shows that on November 21, the judge set the trial for December 11. The record shows that until November 27, nothing happened that would extend the 6-month trial time under § 29-1207.

The bill of exceptions shows that on November 27, 2001, a hearing was held with Roundtree and counsel for both sides present. Conversation between the court and counsel established that the trial had previously been set to commence on December 13, but that it had been advanced to December 11. The State moved to continue the trial "for good cause based on the fact that we are bringing at least three individuals back as witnesses, as major witnesses, two from Colorado and one from Minnesota." During the hearing, the prosecutor made several statements of fact to justify a continuance. We will quote and summarize these statements later when we consider their sufficiency to justify a continuance under the applicable statute. We note, however, that the prosecutor was not under oath, that he did not ask defense counsel for any type of agreement or stipulation to the facts stated, and that defense counsel did not object to the showing but argued only that the continuance would violate Roundtree's constitutional rights to a speedy trial.

The supplemental transcript contains an order that is dated November 28, 2001, and filed by the clerk on November 30 which purports to memorialize this hearing. That order states that the hearing was on the State's oral motion to continue, it shows the appearances, and it states that arguments were made. The court then made findings that three of the State's material witnesses were incarcerated in federal penitentiaries in neighboring states, that the State had made diligent efforts to arrange

for the transportation of these witnesses, that it was not possible for the witnesses to appear on the December 11 trial date, and that procuring them was beyond the State's control. The court granted the continuance because of the unavailability of witnesses material to the State's case, because the prosecutor had exercised due diligence to obtain such evidence, and because there were reasonable grounds to believe that such evidence would be available at a later date. The court also found that the State had demonstrated good cause for delay of the trial beyond the statutory 6 months. The court ordered that the trial be held on January 15, 2002, at 9 a.m.

A motion for discharge was filed on January 10, 2002. The significant allegations of that motion are that the date of the filing of the information was June 14, 2001, and that the trial had been set for December 11 but was continued to January 15, 2002, by a motion for continuance filed by the State. The hearing on the motion for discharge was held on January 10. The hearing consisted of defense counsel's request that the court take judicial notice of the file, the docket sheet, and the prior hearing on November 27, 2001. The prosecutor agreed. The colloquy between court and counsel shows that defense counsel anticipated the court was going to deny the motion and that Roundtree was going to appeal. On April 12, 2002, the court entered an order denying the motion to discharge. The order stated that the court took judicial notice as requested and then found that Roundtree's rights under Neb. Rev. Stat. § 29-1208 (Reissue 1995) had not been violated.

## ASSIGNMENT OF ERROR

Roundtree makes one assignment of error: The trial court erroneously denied his motion for discharge based on his assertion that the State failed to bring him to trial within 6 months of the filing of the information as required by statute.

## STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Recek*, 263 Neb. 644, 641 N.W.2d 391 (2002).

■ To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.*

■ A motion for continuance is addressed to the discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for continuance will not be disturbed on appeal. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997).

## ANALYSIS

The issues in this case are quite narrow. The parties agree that the 6 months for the speedy trial expired on December 14, 2001, unless the continuance granted on November 27 extends the time under § 29-1207(4)(c)(i) or (4)(f) and that unless the time is extended, Roundtree is entitled to a discharge under § 29-1208. The pertinent part of § 29-1207 reads as follows:

(4) The following periods shall be excluded in computing the time for trial:

. . . .

(c) The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:

(i) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date. . . .

. . . .

(f) Other periods of delay not specifically enumerated herein, but only if the court finds they are for good cause.

It seems clear that the findings of the court in the order filed November 30, 2001, justify the continuance under § 29-1207(4)(c)(i). Roundtree does not argue that such findings do not justify a continuance, but, rather, argues that the record is insufficient to support the findings contained within the order filed on November 30.

■ Roundtree points out that not until November 14, 2001, over 5 months after the information was filed, was a trial date set and that trial was then set for a date only 3 days before the 6 months would expire. He argues that the State did not move for

a continuance until November 27; that no motion or affidavit was filed for the continuance; and that no evidence or sworn statements, but, rather, only the statements of counsel in the form of argument, were presented to support the continuance. Roundtree points out that Neb. Rev. Stat. § 25-1148 (Reissue 1995) requires that requests for a continuance be in a writing which sets forth the reasons for the continuance and requires that an affidavit be attached.

Roundtree argues that the continuance could only have been granted under § 29-1207(4)(c)(i) and that that provision would extend the trial time only upon a showing that (1) evidence material to the State's case is unavailable, (2) the prosecutor has exercised due diligence to obtain the evidence, and (3) there are reasonable grounds to believe that such evidence will be available at a later date. He argues that the order was based upon statements and surmise of the prosecutor, not evidence.

■ Roundtree relies upon *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000), which held that the statements of the judge could not be used to show good cause under § 29-1207(4)(f). We are convinced that the ruling in *Baird* is based upon the Nebraska Supreme Court's consistent holding that a judge cannot be a witness in a proceeding before that judge. In the colloquy between court and counsel in this case, the judge did make statements containing facts which might have been relevant to the issues before the court. Under *Baird*, we will ignore any facts the judge in this case related, and we will ignore any facts the judge included within the order filed after the November 27, 2001, hearing that are not otherwise supported by the bill of exceptions or that may not be properly judicially noticed.

In addition, Roundtree argues that even if the prosecutor's statements are accepted as evidence, the information contained therein did not establish adequate grounds to support the order of continuance under § 29-1207(4)(c)(i). We will consider that issue later.

■ The State, on the other hand, cites *State v. Santos*, 238 Neb. 25, 468 N.W.2d 613 (1991), which held that the trial court erred in not granting an oral motion for continuance even where no affidavit was offered. In that case, the court was clearly apprised of the grounds for the continuance without the need for

an affidavit, because the information was plainly in the record. The *Santos* decision undoubtedly supports the proposition that in a motion for continuance, the absence of a written application and supporting affidavit is merely a factor to be considered in determining whether the continuance should be granted. In *Santos*, the trial court was reversed because the record showed that the continuance was necessary for the adequate preparation of a defense for the trial and that the need arose from the trial court's action or inaction and not the defendant's neglect.

The State also relies upon *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). That case involved a continuance granted to the State under § 29-1207(4)(c)(i) which would extend the 6-month period required for a speedy trial, and the Supreme Court held that the continuance did extend the time. The case does not purport to consider the quality of the evidence or the method used by the State to establish that it needed a continuance in order to obtain a DNA analysis from the Federal Bureau of Investigation. In *Turner*, the motion for the continuance was oral, but the opinion simply does not expound on the method used to prove that the continuance was justified.

█ Reworded to exclude the parts not applicable to the situation in this case, § 29-1207(4)(c)(i) provides that a continuance will extend the time of trial under the speedy trial provision if it is a continuance granted at the request of the prosecuting attorney because of the unavailability of evidence material to the State's case when the prosecutor has exercised due diligence to obtain such evidence and when there are reasonable grounds to believe that such evidence would be available at a later date.

█ We note that under § 29-1207(4)(c)(i), the diligence required of the prosecutor must be to obtain material evidence for the trial. One of the arguments advanced by Roundtree is that in mid-November 2001, the trial was set to commence on December 11, only a few days before the 6-month period expired. He argues that the trial was not set until the 6-month period was about to expire and that such action showed a lack of diligence. We know of no requirement that in order to be entitled to have the trial period extended, either the court or the prosecutor, or both, must take into consideration the subsequent events that might justify a continuance. We are mindful that settlement negotiations might

have caused a delay in setting the trial date, but we do not find that fact to be significant.

With these arguments settled, we finally get to the crux of Roundtree's arguments. We think an orderly determination requires the consideration of two issues: (1) whether the oral, unsworn statements made by the prosecutor to the court in the presence of Roundtree and his counsel was a satisfactory method to seek a continuance under the facts and circumstances of this case and (2) whether, assuming the method was satisfactory, the facts stated by the prosecutor, along with other information in the record properly before the trial court, constitute that which must be established for a continuance under § 29-1207(4)(c)(i).

We will start with a thorough summary of the record made at the November 27, 2001, hearing. The prosecutor stated that he and defense counsel had been engaged in plea negotiations which fell through and that the prosecutor thus had made attempts to start the paperwork to bring back three witnesses who were in federal penitentiaries in neighboring states. The prosecutor stated that the State had been "told by the federal authorities who are in charge of the different penitentiaries that they could not guarantee that any of the individuals would be available by December 11th even though the trial is scheduled to commence at that time." The prosecutor then requested that the matter be continued until January 15, 2002, "at which time we could be assured of at least getting those federal prisoners back here in town, and they would be ready to testify for the State when the trial would commence on or about Tuesday, January 15th." The prosecutor stated that the State could not proceed without those witnesses.

Defense counsel objected to the continuance on the basis that it would extend the time of trial beyond the statutory 6-month period and stated:

> I certainly can sympathize with the State's situation having to do with the federal penitentiary people, but I guess in a balancing of [Roundtree's] right to speedy trial versus the Feds' willingness to give up a prisoner . . . I don't see how that should supersede a defendant's right to speedy trial.
>
> In fairness to [the prosecutor], he did indicate to me a week or so ago that — and maybe even two weeks ago — that they may have some problems with getting the guys

from [neighboring states] back in time. I know he mentioned that to me. So I'm not saying that he just told me about it [for] the first time today. I note that he mentioned that to me I would say within the last two weeks.

The court queried whether there had been ongoing plea negotiations, and defense counsel answered:

Several. I would say probably around the same conversation that when [the prosecutor] initially brought up the difficulties I think it was in the same conversation probably that he inquired whether he made an offer that I've discussed with my client and my client discussed with his mom and have decided that we want to proceed to trial.

The court stated:

I note that I signed the order setting this matter specifically for trial on November 14th, 2001. [Prosecutor], it sounds like you have proceeded diligently since that time, and it's only been probably two weeks from that date — well, it's less than two weeks — you have proceeded diligently in trying to get these gentlemen from the federal [penitentiaries] to testify; is that correct?

The prosecutor replied in the affirmative. The prosecutor then stated that he had only recently been made aware that the penitentiaries would not guarantee the production of witnesses for the trial and that the penitentiaries take "upwards to three weeks plus" to process the paperwork and make appropriate arrangements to have inmates transferred. The prosecutor further stated that the situation was beyond the control of the State, that he thought there were more delays when dealing with the federal penitentiary system, and that he did not believe there would still be a problem getting the individuals to attend if the matter were continued until January 15, 2002. The judge indicated that good cause had been shown. Defense counsel then stated that he would consult with Roundtree to determine if he would want to appeal, so that the State would not have to obtain the witness for a trial that could not go on due to Roundtree's appeal. The judge indicated he needed an order prepared showing that the continuance was granted for good cause.

The State cites *State v. Alcaraz*, 8 Neb. App. 215, 590 N.W.2d 414 (1999), in which case the judge, the prosecutor, and the

several attorneys representing four defendants being prosecuted at one time for an alleged sexual assault conversed about a continuance that was requested by three of the defendants but resisted by one defendant. The continuance was granted, and the trial date was set with a view to the fact that the prosecutor was expecting a baby. The defendant who resisted the continuance later appealed on the basis of a violation of his constitutional right to a speedy trial. The issues considered in *Alcaraz* do not throw light on the issues of this case, but the case is interesting in that all of the facts considered by this court in that opinion were from unsworn statements of counsel. The court used the oral statements in the process of considering the one defendant's argument that he was deprived of his constitutional right to a speedy trial, but the court also found that these oral statements did not factually justify all of the delay granted. We know very well that trials and hearings are usually set by the judge upon the oral statements of the lawyers who usually explain why a certain time is or is not satisfactory to them. Frequently, the facts relevant to the continuance are not in dispute. This informal practice frequently carries over into motions or requests for continuances, notwithstanding § 25-1148 and Neb. Rev. Stat. § 29-1206 (Reissue 1995), and it is generally efficient from the standpoint of the bench and bar.

Oral or other informal statements are obviously a poor procedure when speedy trial rights are involved. We are concerned with the legal effect of such a practice when a continuance is granted and then, upon appeal, there is a lack of an adequate record to support the continuance. We find no helpful discussion in appellate court decisions of Nebraska. With the hope of learning what other courts do, we have researched the matter.

We begin with the proposition that "[m]ere oral statements of counsel should not be received as evidence although objection to their reception may be waived." 60 C.J.S. *Motions & Orders* § 37(5)(b) (1969). That proposition was cited in *Blatt v. Haile*, 291 S.W.2d 85 (Mo. 1956), for an opinion that oral statements are not the best method of offering evidence, but the court then went on to consider the oral statement. The appellate court in *Jenkins v. Warren*, 25 A.D. 569, 50 N.Y.S 957 (1898), stated that a motion cannot be granted for reasons orally stated to the court. However,

it is quite possible that the opposing party was not notified of the motion or present when the order was entered. In *Fraser v. Fraser*, 39 Cal. App. 467, 179 P. 427 (1919), the trial court granted a continuance and assessed costs based upon oral statements, and its order was affirmed on appeal. In support of its decision, the California court quoted authority that a lawyer is always under oath in court and that the weight of authority is that an omission to swear a witness must be objected to at trial. Interestingly, it cited *City of O'Neill v. Clark*, 57 Neb. 760, 78 N.W. 256 (1899), where the witnesses in an inferior tribunal were not sworn. The Nebraska court similarly stated that where the irregularity was known, a party could not allow the trial to proceed and then raise the issue of testifying without taking an oath after the verdict.

In *State v. Overton*, 337 So. 2d 1058 (La. 1976), the prosecution was granted an oral motion to continue with only the statement of the prosecutor, and this continuance ran contra to the defendant's speedy trial rights. The Louisiana code required both a written motion stating the reasons for requesting a continuance and an affidavit, and the *Overton* court held that the requirements of the code were apparently waived. In *State ex rel. B.M.*, 774 So. 2d 1042 (La. App. 2000), the appellant claimed that the trial court erred in granting a continuance when a witness for the prosecution did not appear at a motion to suppress. The applicable rules required a written motion and affidavit, but the decision allowed an oral motion when the reason arose unexpectedly, and it was held there was no error. A similar result was obtained in *Kleinrichert v. State*, 260 Ind. 537, 297 N.E.2d 822 (1973), but in that case, the applicable statute allowed an oral motion unless the defendant requested a written one, and no request was made. The *Kleinrichert* case was cited and followed in *Sims v. State*, 267 Ind. 215, 368 N.E.2d 1352 (1977), when a speedy trial issue was raised by the continuance granted upon the oral motion.

In *George v. State*, 89 Nev. 47, 505 P.2d 1217 (1973), the court granted the prosecutor's oral motion for a continuance when a witness did not appear, even though the rules required that all motions for continuance be made on affidavit. But it was held on appeal that the defendant waived the error by not appealing under a certain procedure. In *State v. Pippin*, 72 N.C. App. 387, 324 S.E.2d 900 (1985), the prosecution argued that the trial court

erred in accepting certain oral statements of defense counsel. The North Carolina court cited the same quote from 60 C.J.S. *Motions & Orders* § 37(5)(b) (1969) that we have cited above; remarked that in connection with speedy trial claims, the court has cautioned counsel to develop evidentiary records; noted that the prosecutor expressed no objections to the oral statements even though the statements would not have been matters within defense counsel's personal knowledge; and further acknowledged that the court had relied on several representations made by the prosecutor on matters within the prosecutor's personal knowledge. In *U.S. v. Gonzales*, 137 F.3d 1431 (10th Cir. 1998), the trial court had heard a case involving a speedy trial issue. It is clear from the opinion that the trial court made oral inquiries about the prosecutor's availability. The appellate court found that the inquiry was not thorough in view of the speedy trial issue and remanded the case, but we think it is at least significant that the issue was being settled on what appeared to be the unsworn statements of the prosecutor. In *State v. Traversie*, 387 N.W.2d 2 (S.D. 1986), the trial court granted a motion to continue upon the oral motion and oral statements of the prosecutor when there was a statute requiring that motions for continuance be supported by affidavit. There was some confusion between case law and rules of criminal procedure, but the court held that South Dakota law permitted the trial courts to consider oral motions for continuance notwithstanding a statute providing otherwise.

We find no case where an appellate court has reversed a trial court's order granting an oral motion for continuance when both parties were present and represented and the only showing was by the oral unsworn statement of the prosecutor. In this case, the oral statements of the prosecutor were of facts within his knowledge. If the facts as stated were questioned, it would have been simple for either party to have asked the judge to swear the prosecutor and the prosecutor could have stated the same facts under oath. Defense counsel did not question the procedure used until the brief was filed in this court. He did not so much as imply he questioned the facts stated by the prosecutor that the witnesses were unavailable and necessary. Defense counsel quite honorably admitted to conversations with the prosecutor that were at least relevant to the diligence of the prosecutor in trying to obtain

the witnesses from federal custody. We find no other cases that throw any light on the issue under consideration. From the above cases, we conclude that it is not error for a trial court to grant a continuance when the factual basis for granting the motion is wholly or largely dependent upon the oral statements of the prosecutor and the defense does not object to the procedure. We believe that by the defense's silence, it has waived any requirement that the motion or showing be in writing or under oath.

The appellate courts that have considered the question have warned that where there is a possible speedy trial issue, it is wise to use a written affidavit. We reiterate that sentiment. However, we conclude that it is not error for a trial court to grant a prosecutor an oral motion for a continuance under § 29-1207(4) even though the only showing is by the oral statements of the prosecutor when the defendant and his or her counsel are present and do not object on the record to the oral motion and showing, and where the facts as stated by the prosecutor would be sufficient if they had been contained in an affidavit or otherwise made under oath.

The next question is whether the facts in the record and the facts in the prosecutor's statement are sufficient to satisfy the elements of § 29-1207(4)(c)(i). We point out that one of the most cogent reasons for making the showing for a continuance in writing under oath is that such formality tends to ensure that the showing includes the facts necessary to justify the continuance. In this case, we must marshall the facts from the prosecutor's statement. The record shows that on November 14, 2001, the judge set the trial to commence on December 13. That order was changed on November 21 to set the trial for December 11. On November 14, the prosecutor had the duty to diligently commence to prepare for the trial that was set to start on December 13 and was later advanced to December 11. In essence, the prosecutor stated that the State was going to bring back for trial three major witnesses, whom he named, who were in federal penitentiaries in neighboring states. The prosecutor further stated that when negotiations fell through, he made attempts to start the paperwork to obtain these witnesses for trial, and that he had been told by the authorities in charge of the penitentiaries where these witnesses were being held that they could not guarantee

the witnesses would be available by the date set for trial. The prosecutor stated that the State could not proceed without these witnesses. He stated that it takes upward of 3 weeks to have an inmate transferred and that he had only recently been made aware of the problem. The prosecutor asked that the trial be continued until January 15, 2002, a date when he could be assured the prisoners would be available to testify for the State.

We ignore the statements made by the judge, but we do observe that the trial docket shows three writs of habeas corpus ad testificandum were signed on November 26, 2001, and that two of the three witnesses named by the prosecutor were endorsed as witnesses on the information. Defense counsel objected to the continuance because it would extend the trial beyond the 6 months. He stated, however, that he could sympathize with the State's situation having to deal with the federal penitentiary people. But in a balance of Roundtree's right to a speedy trial versus the willingness of federal authorities to make available a prisoner, defense counsel believed that Roundtree's rights should prevail. Defense counsel also stated, in effect, that around the same time that he and the prosecutor last had a settlement negotiation, maybe 2 weeks before, the prosecutor told him that the State might have trouble getting the prisoners to Nebraska.

We conclude that the above-summarized facts support a finding that evidence material to the State's case was unavailable for the time set for trial, that the prosecutor exercised due diligence to obtain such evidence—the attendance of the three witnesses at trial, and that there were reasonable grounds to believe that such evidence would be available at the later trial date—January 15, 2002. We find that the trial court did not abuse its discretion in granting the continuance. We therefore determine that the period of delay caused by the continuance is excluded in speedy trial calculations and that the 6-month period was extended past January 15. Since the motion to discharge was filed prior to that date, the motion was properly denied.

## CONCLUSION

We conclude that Roundtree is not entitled to an absolute discharge, and we therefore affirm the judgment of the district court.

AFFIRMED.