IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. COPPLE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM P. COPPLE, APPELLANT.

Filed November 22, 2016.    No. A-16-300.

Appeal from the District Court for Sarpy County: DAVID K. ARTERBURN, Judge. Affirmed.

Patrick J. Boylan, Deputy Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

INBODY and PIRTLE, Judges, and MCCORMACK, Retired Justice.

PIRTLE, Judge.

## INTRODUCTION

William P. Copple appeals from an order of the district court for Sarpy County which affirmed his conviction and sentence in the Sarpy County Court for driving under the influence of alcohol (DUI), third offense/refusal. Copple challenges the district court's affirmance of the county court's decision to grant the State three continuances after the case was remanded to the county court for an enhancement hearing. Based on the reasons that follow, we affirm.

## BACKGROUND

On March 17, 2014, Copple was charged in the Sarpy County Court with DUI, third offense/refusal. On January 21, 2015, Copple entered a guilty plea. The court accepted the plea and found him guilty of DUI. The State was ready to proceed with enhancement proceedings, but

Copple requested that the enhancement be continued until the time of sentencing. The county court agreed to such continuance.

On April 27, 2015, the county court sentenced Copple. His sentence was based on a third offense DUI, but no enhancement hearing was held.

Copple filed an appeal with the district court challenging the county court's failure to conduct an enhancement hearing to support his conviction for third offense DUI. On September 23, 2015, the district court reversed and remanded the matter for an enhancement hearing and resentencing thereafter. The mandate was issued on October 23, 2015. The county court spread the mandate on October 27 and set the enhancement and sentencing hearing for November 4. The State asked for and was granted three continuances on November 4, November 12, and November 19. The enhancement and sentencing hearing was held on November 20. The county court found that Copple's DUI should be enhanced to a third offense and sentenced him accordingly. Copple was sentenced to 365 days in jail, a $1,000 fine, and his driver's license was revoked for 15 years. The jail time was ordered to run consecutive to a sentence imposed in another case.

On December 18, 2015, Copple filed an appeal with the district court alleging that the county court did not act on the mandate in a timely manner and that it erred in granting the State multiple continuances that were not made in writing and were not supported by affidavits, as required by Neb. Rev. Stat. § 25-1148 (Reissue 2008).

The district court found that noncompliance with the requirements in § 25-1148 are only a factor to be considered in determining whether a continuance should be granted. It further found that the State asked for the continuances to allow it more time to obtain documentation of Copple's prior convictions, which documentation was necessary for the county court to comply with the district court's previous order requiring that an enhancement hearing be held prior to sentencing. The district court concluded that the county court did not err in granting the State's continuances over Copple's objections.

## ASSIGNMENTS OF ERROR

Restated, Copple assigns that the district court erred in (1) misinterpreting the case law it relied on in determining that the requirements in § 25-1148 are only a factor to be considered in determining whether a continuance should be granted, (2) not requiring the county court to comply with the mandate in a timely manner, and (3) failing to find that the sentence imposed was an abuse of discretion because he should have been sentenced as a first time DUI offender.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Piper*, 289 Neb. 364, 855 N.W.2d 1 (2014). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

ANALYSIS

Copple first assigns that the district court erred in misinterpreting the case law it relied on in determining that the requirements in § 25-1148 are only a factor to be considered in determining whether a continuance should be granted. Section 25-1148, provides that a motion to continue "shall be by written motion" and "shall be supported by [an] affidavit or affidavits."

In concluding that that the requirements in § 25-1148 are only a factor to be considered in determining whether a continuance should be granted, the district court relied on *State v. Santos*, 238 Neb. 25, 468 N.W.2d 613 (1991) and *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003). In *Santos*, the application for continuance was made by oral motion and the motion was not supported by affidavits. The Court stated that "the failure to comply with the provisions of § 25-1148 is but a factor to be considered in determining whether a trial court abused its discretion in denying a continuance." *State v. Santos*, 238 Neb. 25, 28, 468 N.W.2d 613, 615.

Similarly, in *Roundtree*, no written motion was filed for a continuance requested by the State and the motion was not supported by affidavits. The Court held: "The *Santos* decision undoubtedly supports the proposition that in a motion for continuance, the absence of a written application and supporting affidavit is merely a factor to be considered in determining whether the continuance should be granted."

Copple argues that the district court erred in relying on these cases because it did not "delve into" the factual distinctions between those cases and the present case. While the facts may be different in *Santos* and *Roundtree* from the present case, it is clear that Nebraska appellate courts have found, despite the requirements set forth in § 25-1148, that noncompliance with the statute is merely a factor to consider when determining whether a trial court abused its discretion when denying the motion for continuance. The district court was simply following binding precedent. There is no merit to Copple's first assignment of error.

Copple next assigns that the district court erred by not requiring the county court to comply with the mandate in a timely manner, as set forth in the mandate. The mandate of the district court, issued on October 23, 2015, directed that "[the county court] shall, without delay, proceed to enter judgment in conformity with the decision and opinion of this court attached hereto." Copple alleges that the county court had a duty to not allow anything to delay the district court's directive, and that did not happen. We are unsure whether Copple is arguing the mandate was not spread in a timely manner or whether he is arguing the enhancement hearing was not held in a timely manner. Regardless, either argument is without merit.

The district court's mandate by its language only directed the county court to spread the mandate without delay. The district court's mandate was issued on October 23, 2015, and was spread on the record of the Sarpy County Court on October 27, 2015. The county court timely complied with the mandate.

The mandate did not state that the county court should hold the enhancement hearing without delay. In any event, the enhancement hearing was timely held. When the county court spread the mandate on the record on October 27, 2015, it also set the enhancement and sentencing hearing for November 4. The hearing ultimately took place on November 20. Thus, the State's three continuances resulted in a 16-day delay between the initial date set for the hearing and the

date the hearing was held. Further, the county court held the enhancement hearing less than a month after the mandate was issued. Copple's second assignment of error is without merit.

Lastly, Copple assigns that the district court erred in failing to find that the sentence imposed was an abuse of discretion because he should have been sentenced as a first time DUI offender. He argues that "[he] received a per se excessive sentence if this Court determines that the District Court erred in not finding that the prosecutor and the County Court delayed enforcement of the Mandate." Brief for appellant at 10-11. As previously discussed, there was no delay by the county court in acting on the mandate and no unreasonable delay by the county court or the State in holding an enhancement hearing. This final assignment of error is without merit.

## CONCLUSION

We conclude that the district court did not err in affirming Copple's conviction and sentence in the Sarpy County Court for DUI, third offense/refusal. Accordingly, the order of the district court is affirmed.

AFFIRMED.