OPINION OF THE SUPREME COURT OF NEBRASKA

NOTICE: DUE TO UNFORESEEN CIRCUMSTANCES, THIS OPINION IS BEING POSTED TEMPORARILY IN "SLIP" OPINION FORM. IT WILL BE REPLACED AT A LATER DATE WITH AN "ADVANCE" OPINION, WHICH WILL INCLUDE A CITATION.

Case Title

ROSA MORENO, APPELLEE,
V.
CITY OF GERING AND SCOTTS BLUFF COUNTY,
POLITICAL SUBDIVISIONS, APPELLANTS.

Case Caption

MORENO V. CITY OF GERING

Filed April 15, 2016.   No. S-15-216.

Appeal from the District Court for Scotts Bluff County: RANDALL L. LIPPSTREU, Judge. Affirmed.

Charles W. Campbell, of Angle, Murphy & Campbell, P.C., L.L.O., and Howard P. Olsen, Jr., of Simmons Olsen Law Firm, P.C., for appellants.

Michael W. Meister for appellee.

MORENO v. CITY OF GERING

Filed April 15, 2016.   No. S-15-216.


1. **Judgments: Jurisdiction.** When a jurisdictional question does not involve a factual dispute, the issue is a matter of law.

2. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.

3. **Pretrial Procedure: Appeal and Error.** Decisions regarding discovery are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion.

4. **Pretrial Procedure: Proof: Appeal and Error.** The party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion.

5. **Motions for Continuance: Appeal and Error.** An appellate court reviews a judge's ruling on a motion to continue for an abuse of discretion.

6. **Political Subdivisions Tort Claims Act: Judgments: Appeal and Error.** In actions brought under the Political Subdivisions Tort Claims Act, an appellate court will not disturb the factual findings of the trial court unless they are clearly wrong. And in such actions, when determining the sufficiency of the evidence to sustain the trial court's judgment, it must be considered in the light most favorable to the successful party; every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

7. **Mandamus.** Mandamus lies only to enforce the performance of a mandatory ministerial act or duty and is not available to control judicial discretion.

8. **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party. The exclusion of evidence is ordinarily not prejudicial where substantially similar evidence is admitted without objection. In particular, where the information contained in an exhibit is, for the most part, already in evidence from the testimony of witnesses, the exclusion of the exhibit is not prejudicial.

9. **Trial: Witnesses.** In a bench trial of an action at law, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, and STACY, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

After being injured in a motor vehicle accident, Rosa Moreno filed this negligence action against the City of Gering, Nebraska (the City), and Scotts Bluff County, Nebraska (the County). The district court for Scotts Bluff County entered judgment in Moreno's favor. The City and the County appeal. The City and the County claim, inter alia, that the court erred when it overruled their motion to compel discovery of information regarding other surgeries performed by a doctor who they contend performed an unnecessary surgery on Moreno, the cost of which should not be their responsibility. We affirm the judgment of the district court.

## STATEMENT OF FACTS

On January 12, 2011, Moreno was a passenger in a handibus operated by the County when the handibus was hit by a van operated by the City's volunteer fire department. Moreno was ejected from the handibus and landed on the street pavement. Moreno was transported by ambulance to Regional West Medical Center.

Moreno brought this personal injury action against the City and the County under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012). Both the City and the County admitted liability, and therefore, Moreno's claim for damages was the only matter at issue in the bench trial held in the district court.

A major contested issue regarding damages was whether a cervical fusion surgery performed in June 2011 by Dr. Omar Jimenez, a neurosurgeon, was necessary to treat Moreno for an injury caused by the accident. A few months before the trial was set to begin, the City and the County learned of published news reports which indicated that in 2011 and 2012, Dr. Jimenez had performed an unusually high number of spinal fusion surgeries similar to the surgery performed on Moreno. The reports indicated that there existed a debate over whether some surgeons were performing spinal fusions that were unnecessary and potentially dangerous. The reports also stated that malpractice claims had been brought against Dr. Jimenez and that his medical privileges had been suspended by a network of hospitals in Georgia. The news reports cited and quoted a medical expert who contended that surgeons who performed high numbers of spinal fusions "should be looked at closely and asked to explain themselves."

After learning of the news reports, the City and the County issued medical records subpoenas to Regional West Physicians Clinic and Regional West Medical Center (collectively Regional West). They sought records that documented, inter alia, information regarding similar surgeries performed by Dr. Jimenez, including the number and types of surgeries performed by Dr. Jimenez, discussions among Regional West staff and administrators regarding the surgeries performed by Dr. Jimenez, and communications to Dr. Jimenez regarding surgeries he performed at Regional West.

Although Moreno did not object, Regional West objected to the subpoenas. The City and the County filed a motion to compel Regional West to produce the records. They also filed a motion to continue the trial in order to allow them time to conduct discovery of the requested information and to perform any followup discovery after reviewing the information. At a hearing

on the motion to compel, Regional West objected to certain exhibits offered by the City and the County in support of the motion. In its order ruling on the motion, the court first sustained Regional West's hearsay objection to portions of the exhibits, including the news reports regarding the number of spinal fusions performed by Dr. Jimenez and the controversy regarding such surgeries. The court overruled other objections raised by Regional West.

After the hearing, the court overruled the motion to compel. The court reasoned that the records were not relevant to this case, because they related to nonparty patients and were to be used only as character evidence regarding Dr. Jimenez and his alleged propensity to perform unnecessary surgeries. The court noted that such nonparty records would not normally be admissible under Neb. Rev. Stat. § 27-404 (Cum. Supp. 2014), regarding character evidence, and Neb. Rev. Stat. § 27-403 (Reissue 2008), regarding the probative value of evidence. The court acknowledged that the "concept of relevancy is broader in the discovery context than in the trial context" and that a "party may discover relevant evidence that would be inadmissible at trial, so long as it may lead to the discovery of admissible evidence." However, the court reasoned that even without such nonparty records, the City and the County would still be able to introduce direct evidence regarding whether the surgery performed on Moreno was necessary. The court therefore concluded that the motion to compel discovery should be overruled.

The court also overruled the City and the County's motion to continue the trial. The court noted that Moreno served tort claim notices on the City and the County in May 2011, that she filed her complaint in November 2012, and that in March 2014, trial had been set for August. The court reasoned that efforts by the City and the County to discover information regarding Dr. Jimenez' treatment of other patients "did not have to wait for" the news reports of which the City and the County learned in April or May 2014.

At the trial on damages, Moreno presented evidence regarding expenses she incurred for medical treatment following the accident. Such evidence included testimony by various medical professionals who treated her, including Dr. Jimenez, who began his testimony by reviewing his qualifications and experience. He then testified regarding his treatment of Moreno. Dr. Jimenez opined that Moreno suffered an injury in the accident that aggravated a preexisting condition and caused compression of the nerves in her spinal cord. He further opined that the cervical fusion surgery was necessary to treat the condition. The City and the County cross-examined Dr. Jimenez at length. The cross-examination made reference to medical records and reports by other medical professionals for the purpose of undermining Dr. Jimenez' opinions.

In their defense, the City and the County presented the video deposition of Dr. Charles Taylon generally for the purpose of showing that the cervical fusion surgery was unnecessary. Dr. Taylon stated that he was a neurosurgeon, and he testified regarding his training and experience, which included being educated in medicine at Creighton University in Omaha, Nebraska, and at the University of Wisconsin in Madison, Wisconsin, and being a professor of neurosurgery at the Medical College of Wisconsin in Milwaukee, Wisconsin. Dr. Taylon had reviewed Moreno's medical records and other information in order to offer opinions regarding the cervical fusion surgery performed on Moreno. Dr. Taylon opined that the surgery was unnecessary, that it was unrelated to the accident, and that the accident had not aggravated a preexisting cervical problem. During cross-examination by Moreno, Dr. Taylon testified that

Dr. Jimenez' treatment of Moreno was "worse than malpractice," that Dr. Jimenez was "a criminal," and that the cervical fusion surgery was "unnecessary" and an "assault."

Following trial, the court entered judgment in favor of Moreno in the amount of $575,203.62. The court found, inter alia, that the accident aggravated Moreno's preexisting medical condition and that medical treatment, including the surgery performed by Dr. Jimenez, was necessary and was proximately caused by the accident. In its written memorandum order and judgment, the court reviewed the testimonies of both Dr. Jimenez and Dr. Taylon and concluded that it generally accepted the testimony of Dr. Jimenez where it was in conflict with the testimony of Dr. Taylon. The court noted that "Dr. Taylon's testimony took a very unusual turn" when on cross-examination he "became overly adversarial, argumentative, and confrontational." The court specifically noted, among other examples, that Dr. Taylon had called Dr. Jimenez a "criminal" and accused him of assaulting Moreno. The court stated that such behavior "goes to bias and the weight to be given to the witness['] testimony," and the court further observed that "[t]hroughout his testimony, Dr. Taylon was as much an advocate as an unbiased, impartial expert witness."

The City and the County appeal from the judgment of the district court.

### ASSIGNMENTS OF ERROR

The City and the County claim that the district court erred when it (1) overruled their motion to compel discovery of information from Regional West, (2) sustained Regional West's hearsay objection to evidence offered in support of the motion to compel discovery, (3) overruled the motion to continue the trial, (4) found that the surgery performed by Dr. Jimenez and related medical care were necessary to treat an injury Moreno suffered in the accident, and (5) awarded Moreno damages based on the surgery and related medical care.

### STANDARDS OF REVIEW

[1,2] When a jurisdictional question does not involve a factual dispute, the issue is a matter of law. *Kelliher v. Soundy*, 288 Neb. 898, 852 N.W.2d 718 (2014). An appellate court reviews questions of law independently of the lower court's conclusion. *Id.*

[3,4] Decisions regarding discovery are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion. *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014). The party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion. *Id.*

[5] An appellate court reviews a judge's ruling on a motion to continue for an abuse of discretion. See *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995).

[6] In actions brought under the Political Subdivisions Tort Claims Act, an appellate court will not disturb the factual findings of the trial court unless they are clearly wrong. *Williams v. City of Omaha*, 291 Neb. 403, 865 N.W.2d 779 (2015). And in such actions, when determining the sufficiency of the evidence to sustain the trial court's judgment, it must be considered in the light most favorable to the successful party; every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence. See *id.*

ANALYSIS

*The City and the County Were Not Required to Seek Immediate Review After the*
*District Court Overruled Their Motion to Compel Discovery; Issues Related*
*to the Motion Are Reviewable in This Appeal.*

We note as an initial matter that Moreno contends in her brief that the City and the County waived issues relating to the motion to compel discovery because they failed to utilize what she asserts was the proper procedure to preserve such issues for appellate review. She specifically contends that the appropriate procedure to gain review of such issues is to file a petition for a writ of mandamus after the district court overrules the motion to compel discovery, but she also suggests that an immediate appeal may be appropriate. Moreno basically argues that in this case, we lack jurisdiction to review the district court's ruling on the motion to compel discovery because the City and the County did not file for review of the ruling earlier. We reject Moreno's argument, and instead, we conclude that the order overruling the motion to compel discovery and issues related thereto are reviewable in this appeal from the final judgment.

Moreno does not cite direct precedent for her assertion that appellate review of the discovery ruling should have been invoked by a petition for a writ of mandamus. Instead, she relies heavily on *Schropp Indus. v. Washington Cty. Atty.'s Ofc.*, 281 Neb. 152, 160, 794 N.W.2d 685, 693 (2011), and specifically to the portion of our decision in which we held that "an order granting discovery from a nonparty in an ancillary proceeding is not a final, appealable order" but noted that "some federal courts have recognized a limited exception . . . and permitted appeal by a party under the collateral order doctrine from an order *denying* discovery from a nonparty in an ancillary proceeding." This portion of *Schropp Indus.* refers to taking an appeal rather than petitioning for mandamus. So, we do not believe it supports Moreno's claim that the City and the County should have sought mandamus.

[7] To the extent Moreno argues that the City and the County should have petitioned for a writ of mandamus, we note that in civil cases, we have stated that decisions regarding discovery are directed to the discretion of the trial court and will be upheld in the absence of an abuse of discretion. *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014). As we stated in *Schropp Indus., supra*, and elsewhere, this court will issue a writ of mandamus upon a proper showing by a relator; however, mandamus lies only to enforce the performance of a mandatory ministerial act or duty and is not available to control judicial discretion. Because the decision whether to compel discovery was directed to the district court's discretion, mandamus would not have been a proper vehicle for the City and the County to challenge the overruling of their motion. Cf. *Stetson v. Silverman*, 278 Neb. 389, 770 N.W.2d 632 (2009) (regarding availability of mandamus to limit discovery when privilege applies).

To the extent Moreno's argument is that, rather than filing a petition for a writ of mandamus, the City and the County should have immediately appealed from the order overruling their motion to compel discovery, Moreno's reliance on *Schropp Indus.* is not helpful. *Schropp Indus.* involved "an order of the Washington County District Court entered in an ancillary discovery proceeding enforcing compliance with a subpoena issued on behalf of a Douglas County court." 281 Neb. at 154, 794 N.W.2d at 689. In contrast, the present case involves a discovery ruling made in the district court for Scotts Bluff County, which is the same court in

which the action was proceeding. Thus, the present case involves a significantly different context than the sort of ancillary proceeding at issue in *Schropp Indus.* and the federal cases referenced therein.

We stated in *Schropp Indus.* that it was "not disputed that, had this discovery dispute been litigated in Douglas County, the [Douglas County] district court's order would be neither final nor appealable," and we noted that if the discovery order at issue in that case had been entered in the Douglas County District Court, it could have been adequately reviewed on appeal from a final judgment and, thus, the discovery order would not have been appealable at the time of its issuance. 281 Neb. at 157, 794 N.W.2d at 691. The discovery ruling in this case, made by the same court in which the action was proceeding, can be adequately reviewed on appeal from the final judgment, and therefore, there was no basis for the order to have been immediately appealable.

We conclude that the City and the County were not required to seek immediate review of the overruling of the motion to compel discovery and that therefore, issues related to the motion were not waived and are reviewable in this appeal from the final judgment.

*The District Court Did Not Err When It Sustained Objections to Evidence Offered in Support of the Motion to Compel Discovery, When It Overruled the Motion to Compel Discovery, or When It Denied the Motion to Continue the Trial.*

The City and the County raise various issues relating to their motion to compel Regional West to provide records regarding Dr. Jimenez and surgeries he performed on other patients. They claim that the court erred when it (1) sustained Regional West's hearsay objection to certain evidence they offered in support of the motion, (2) overruled the motion, and (3) overruled their motion to continue the trial in order to allow them to complete the requested discovery. We conclude that the district court did not err in any of these respects.

*Evidentiary Ruling.*

At the hearing on the City and the County's motion to compel discovery, Regional West objected to certain exhibits offered by the City and the County in support of the motion. Specifically, Regional West objected to a portion of the affidavit of the County's attorney in which he referred to news reports about Dr. Jimenez, and to the news reports themselves, which were attached to the affidavit. The court took the objections under advisement, and in its order ruling on the motion, the court sustained Regional West's hearsay objection. The court went on to consider the merits of the motion to compel discovery, and it overruled the motion.

The City and the County contend that the evidence was not hearsay, because it was not offered to prove the truth of the matters asserted but was offered to show the relevance of the materials sought to be discovered, to show why discovery had not been sought earlier than the publication of the news reports in May and April 2014, and to show why the trial should be continued to allow discovery. They argue that the truth of the news reports was not at issue in the hearing and that the relevance of the news reports was to explain and justify the need for discovery.

[8] We determine that whether or not the evidence was inadmissible hearsay, the court's sustaining Regional West's objection was not reversible error. In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the

complaining party. *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015). The exclusion of evidence is ordinarily not prejudicial where substantially similar evidence is admitted without objection. *Id.* In particular, where the information contained in an exhibit is, for the most part, already in evidence from the testimony of witnesses, the exclusion of the exhibit is not prejudicial. *Id.*

In the present case, it is clear from the court's order overruling the motion to compel discovery that the court understood what records the City and the County sought to discover, the nature of what they expected the records to show, and the purpose for which they wished to use the information. Portions of the evidence which were admitted, as well as the motion to compel itself, referred to the news reports and indicated the nature of the reports. The court had a full understanding of the discovery issue without the excluded material. We see nothing that would suggest that if the court had admitted the evidence to which Regional West objected, the court would have reached a different conclusion as to whether it should compel discovery of the records. Therefore, sustaining the objection did not unfairly prejudice a substantial right of the City and the County. We therefore reject this assignment of error.

*Overruling Motion to Compel Discovery.*

Regarding the merits of the motion to compel discovery, the district court determined that the requested records were not relevant to this case, because they related to nonparty patients and were to be used only as character evidence regarding Dr. Jimenez. The court stated that such nonparty records would not normally be admissible. Although it acknowledged that the "concept of relevancy is broader in the discovery context than in the trial context" and that a "party may discover relevant evidence that would be inadmissible at trial, so long as it may lead to the discovery of admissible evidence," the court reasoned that even without such nonparty records, the City and the County would still be able to introduce direct evidence regarding whether the surgery performed on Moreno was necessary. The court therefore overruled the motion to compel discovery.

The City and the County contend that Dr. Jimenez' credibility was the central issue in this case and that discovery of the records was necessary to allow them to effectively cross-examine Dr. Jimenez. They argue that the district court erroneously focused on whether the records would be admissible at trial rather than applying the proper standard for discovery under Neb. Ct. R. Disc. § 6-326.

The City and the County refer to *Stetson v. Silverman*, 278 Neb. 389, 403, 770 N.W.2d 632, 644 (2009), in which discovery of other incidents involving a doctor was permitted, wherein we stated that

> under [Neb. Ct. R. Disc. § 6-326(b)(1)], information sought through discovery must also be "relevant to *the subject matter* involved in the pending action." This requirement differs significantly from the relevancy test for admission of evidence at trial: having a tendency to make the existence of any fact at issue more or less probable. Moreover, under [§ 6-326(b)(1)], the inadmissibility of the information at trial is not ground for objection if the information "appears reasonably calculated to lead to the discovery of admissible evidence."

In *Stetson*, we rejected a request for a writ of mandamus to quash a discovery order permitting discovery of information regarding professional discipline against a doctor who was one of the defendants in the underlying action. Although we declined to comment on whether the information to be discovered would be admissible at trial, we concluded that we could not say that "at the discovery stage [the plaintiff] could not obtain further information that would be relevant to [the defendant-doctor's] credibility or a misleading characterization of him at trial" and that we could not "rule out [the plaintiff's] obtaining information that would be relevant to showing [the defendant-doctor's] medical judgment was impaired at the time he treated [the plaintiff]." *Stetson*, 278 Neb. at 405, 770 N.W.2d at 645.

The City and the County argue that the information they sought to discover was relevant to Dr. Jimenez' credibility in the same way that the information for which discovery was allowed in *Stetson, supra*, was relevant to the credibility of the doctor in that case and that therefore, the ruling in the present case was erroneous. The cases are dissimilar, and we do not agree with the argument asserted by the City and the County. Decisions regarding discovery are directed to the discretion of the trial court and will be upheld in the absence of an abuse of discretion; the party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion. *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014). In the present case, we cannot say that the district court abused its discretion when it overruled the City and the County's motion to compel discovery of records regarding Dr. Jimenez' treatment of other patients.

At issue in this case was the testimony of Dr. Jimenez, a nonparty, relating to whether the specific surgery performed on Moreno was necessary and caused by the accident. In contrast, *Stetson* was a medical malpractice action in which the plaintiff was allowed discovery of information regarding a disciplinary action against the doctor who was the defendant in the case. We believe information regarding other incidents involving the doctor-defendant in a medical malpractice case are more probative of the underlying action than information regarding other surgeries performed by a nonparty witness in a personal injury action. As the district court in this case reasoned, even without records regarding surgeries performed on other patients by Dr. Jimenez, the City and the County would still be able to introduce direct evidence regarding the central issue in the case, i.e., Moreno's entitlement to damages and whether the surgery performed on Moreno was necessary as an element of damages.

With respect to Dr. Jimenez' credibility, it is clear from the record that in addition to cross-examining Dr. Jimenez regarding the necessity of the surgery performed on Moreno, the City and the County were permitted to question Dr. Jimenez regarding his reputation for performing unnecessary surgeries. We believe that had the City and the County been permitted to discover additional information regarding the other surgeries, additional questioning of Dr. Jimenez regarding surgeries performed on other patients would likely have been inadmissible as extrinsic evidence of specific conduct under Neb. Rev. Stat. § 27-608(2) (Reissue 2008). Although the anticipated inadmissibility of information at trial is not a reason to deny discovery of such information, it is still necessary that discovery "'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Stetson v. Silverman*, 278 Neb. 389, 403, 770 N.W.2d 632, 644 (2009). The City and the County have not shown how discovery of the requested records would have led to the discovery of admissible evidence.

Therefore, we cannot say that the district court abused its discretion when it overruled the motion to compel discovery. We reject this assignment of error.

*Overruling Motion to Continue Trial.*

The City and the County claim that the district court should have sustained their motion to continue the trial in order to allow them to conduct the requested discovery and to follow up on any new information they learned from such discovery. Because we determine that the district court did not abuse its discretion when it overruled the motion to compel discovery, we further determine that there was no need to continue the trial in order to allow the City and the County to conduct and develop such requested discovery. We therefore conclude that the district court did not abuse its discretion when it overruled the motion to continue the trial.

*The District Court Was Not Clearly Wrong When It Found That the Surgery Performed by*
*Dr. Jimenez Was Necessary and Proximately Caused by the Accident, and the Court*
*Did Not Err When It Awarded Damages Related to Such Surgery.*

The City and the County claim that the district court erred when it found that the surgery performed by Dr. Jimenez was necessary and was proximately caused by the accident. The City and the County specifically contend that the district court was clearly wrong when it found that the accident caused an aggravation of preexisting conditions, including significant cervical stenosis, which made the surgery performed on Moreno by Dr. Jimenez necessary, and they therefore claim that the court erred when it awarded damages related to such surgery. We conclude that the district court's factual findings were not clearly wrong and that the court's judgment awarding damages was supported by sufficient evidence.

In actions brought under the Political Subdivisions Tort Claims Act, an appellate court will not disturb the factual findings of the trial court unless they are clearly wrong. *Williams v. City of Omaha*, 291 Neb. 403, 865 N.W.2d 779 (2015). And in such actions, when determining the sufficiency of the evidence to sustain the trial court's judgment, it must be considered in the light most favorable to the successful party; every controverted fact must be resolved in favor of such party, and it is entitled to the benefit of every inference that can reasonably be deduced from the evidence. See *id*.

[9] In its order, the district court found, inter alia, that the accident aggravated Moreno's preexisting medical condition and that medical treatment, including the surgery performed by Dr. Jimenez, was necessary and was proximately caused by the accident. The court's findings in this regard depended in large part on its assessment of the credibility of the testimony of Dr. Jimenez and the credibility of the testimony of the City and the County's witness, Dr. Taylon, who opined that the surgery was unnecessary, that it was unrelated to the accident, and that the accident had not aggravated a preexisting cervical problem. In its written order setting forth its findings, the court specifically stated that it generally accepted the testimony of Dr. Jimenez where it was in conflict with the testimony of Dr. Taylon. Beyond simply stating that it found Dr. Jimenez' testimony more credible, the court set forth specific reasons it found Dr. Taylon's testimony less credible and it gave examples of portions of Dr. Taylon's testimony which led to its credibility determination. The court stated that Dr. Taylon "became overly adversarial, argumentative, and confrontational," calling Dr. Jimenez a "criminal" and accusing him of assaulting Moreno. The court stated that such behavior factored into its assessment of the

witness' "bias and the weight to be given to the witness['] testimony" and gave the court the impression that "Dr. Taylon was as much an advocate as an unbiased, impartial expert witness." In a bench trial of an action at law, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Elting v. Elting*, 288 Neb. 404, 849 N.W.2d 444 (2014). To the extent that the district court made credibility determinations regarding Dr. Jimenez' and Dr. Taylon's conflicting testimony, we defer to those determinations.

We also reject the City and the County's arguments that Dr. Jimenez' testimony did not support the district court's findings. In this connection, the City and the County assert that the necessity of the surgery was not established, because they contend there was a lack of evidence in the record that Moreno reported neck pain prior to the surgery. However, Dr. Jimenez addressed the absence of reports of neck pain when he testified that Moreno reported thoracic, shoulder, and arm pain, which he determined were radicular symptoms caused by cervical stenosis, and that surgery was the proper treatment for the cause of that pain. In sum, if Dr. Jimenez' testimony was credible, which the district court clearly found it to be, then there was sufficient evidence to support the court's findings regarding the necessity of the surgery and its connection to the accident.

The foregoing contentions of the City and the County are all in service of its larger argument that the district court erred when it awarded damages related to the surgery performed by Dr. Jimenez. Their arguments in this respect are based on their contention that the district court was clearly wrong when it found that the surgery was necessary and was connected to the accident. Because we determine that such findings were not clearly wrong, it follows that the court did not err when it awarded damages related to the surgery. We reject this assignment of error.

## CONCLUSION

We conclude that issues related to the motion to compel discovery are reviewable in this appeal from the final judgment. We further conclude that the district court did not err when it sustained hearsay objections to evidence offered in support of the motion to compel, when it overruled the motion to compel discovery, and when it overruled the motion to continue the trial in order to allow discovery. We finally conclude that the district court was not clearly wrong in its findings that Moreno's condition was caused by the accident and that the surgery performed by Dr. Jimenez was necessary. Finally, we determine that the district court did not err when it awarded damages related to the challenged surgery. We affirm the judgment of the district court.

AFFIRMED.