PATRICIA R. ADRIAN, APPELLANT, V. ROBERT S. ADRIAN, APPELLEE.

541 N.W.2d 388

Filed December 29, 1995.  No. S-94-693.

Arthur C. Toogood for appellant.

Susan K. Alexander for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Patricia R. Adrian seeks review of a Nebraska Court of Appeals decision affirming a district court's modification of the Adrians' dissolution of marriage decree, transferring custody of the parties' minor children to Robert S. Adrian, the children's father.

We reverse the Court of Appeals' decision and remand the cause to that court with direction to remand the cause to the district court for Adams County for a new trial.

## FACTS

The decree dissolving the Adrians' marriage was entered on September 28, 1990. The district court for Adams County awarded custody of the Adrians' two minor sons to Patricia and granted Robert visitation with the sons on alternate weekends. At the time of the modification hearing, the boys were 7 and 11 years old.

Prior to the dissolution of the Adrians' marriage, Patricia was a licensed practical nurse. Following the dissolution of the marriage, Patricia began training to become a registered nurse. The record also reflects that after dissolution of the marriage, Patricia and the parties' boys lived with her parents at their home in Hastings. The record further reflects that at some point after the dissolution of marriage decree was entered, but prior to the modification hearing, Patricia's mother died.

The record reflects that each morning, Patricia would get the children ready and take them to school. After the children ate their supper, Patricia would help them with their homework. Later, she would join the children in watching television. Patricia attended the children's school functions and on occasion took them to a movie. Both children were involved in scouting and in other afterschool activities. The guardian ad litem reported that the older child had been earning A's and B's in school and that both boys were "bright." Both boys were reported as "outgoing."

Robert was a director for a local television station in Hastings and worked from 4:30 p.m. to 12:30 a.m. He paid his child support, took an interest in the children's education, and was involved in their extracurricular activities. During his weekend visitations, Robert provided activities for the children, such as visits to museums, model building, and photography.

On April 29, 1993, Robert filed an application asking the district court to modify the parties' marriage dissolution decree and grant him additional summer visitation with his children. A hearing on the application was set for September 19.

On August 16, Robert filed a second application to modify the dissolution decree, this time asking that the care, custody, and control of the children be placed in him. A hearing on the second application was set for September 7, a Tuesday. Patricia moved for a continuance, because she would be in class that day. She requested that the hearing be held on a Monday afternoon so that the children would not have to be removed from school. Patricia's motion was granted, and a new hearing date was set for October 25.

Sometime in October, Robert raised allegations that the parties' younger son had been sexually abused by a 12- or 13-year-old son of a babysitter employed by Patricia. The incident had been reported to the Adams County sheriff's office, which found there was insufficient evidence to prosecute the alleged perpetrator. This incident was brought to the trial court's attention at the scheduled hearing of October 25. The trial court granted Patricia's request for a continuance, appointed a guardian ad litem for the children, and increased Robert's visitation. A further hearing was set for May 18, 1994.

On May 12, 1994, Patricia's attorney orally requested a continuance. On the day of the hearing, Patricia's attorney submitted a written motion to continue the May 12 hearing, which motion was supported by Patricia's affidavit that it was necessary for her to be in class on that date. Patricia's attorney explained to the court that Patricia missed class earlier in the year because of her mother's unexpected death and that she "had no choice" but to make up the class on May 18 in order to complete her course to become a registered nurse.

Patricia's motion to continue the May 12 hearing was denied, and the scheduled hearing proceeded in her absence. Patricia's attorney cross-examined the witnesses at trial and offered into evidence a report from a licensed clinical psychologist who had been counseling Patricia and the children.

On May 25, the court transferred custody of the Adrian children to Robert and granted visitation to Patricia.

Patricia's motion for a new trial was denied. On appeal, in *Adrian v. Adrian*, 95 NCA No. 6, case No. A-94-693 (not designated for permanent publication), the Nebraska Court of Appeals (1) held that the trial court did not abuse its discretion in denying Patricia's motion for a continuance of the May 18 hearing and (2) affirmed the district court's order transferring custody of the parties' minor children to Robert. We granted Patricia's timely petition for further review.

## ASSIGNMENTS OF ERROR

In the Court of Appeals, Patricia claimed that the district court abused its discretion when it (1) denied her a continuance of the May 18, 1994, hearing and (2) transferred the care, custody, and control of the parties' minor children to Robert. In this court, Patricia claims that the Court of Appeals erred in affirming the rulings of the district court.

## STANDARD OF REVIEW

The determination as to modification of a dissolution decree is a matter of discretion for the trial court, and its decision will be reviewed on appeal de novo on the record and will be reversed upon an abuse of discretion. See *Farr v. Newton*, 239 Neb. 179, 474 N.W.2d 683 (1991).

A motion for continuance is addressed to the discretion of the

trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Stewart v. Amigo's Restaurant*, 240 Neb. 53, 480 N.W.2d 211 (1992).

## ANALYSIS

For disposition of this appeal, we need only consider Patricia's claim that the trial court abused its discretion in denying her request for a continuance of the May 18, 1994, hearing and the Court of Appeals' affirmation of that denial.

A motion for a continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994). A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result. See *Stewart v. Amigo's Restaurant*, 240 Neb. 53, 480 N.W.2d 211 (1992).

In denying Patricia's motion, the trial court stated:

I'm overruling this Motion for Continuance on two grounds. One, the petitioner has had several continuances; and secondly, she doesn't come in and ask for a continuance until a few days ago, and she had notice of this hearing as of March 28th. It's my feeling she could have made arrangements with her schooling with that much notice.

In its review, the Court of Appeals adopted the district court's finding that Patricia had been granted "several continuances." We reviewed the record de novo. Although it is not altogether clear, the record before us appears to reflect that Patricia was granted only two continuances.

Patricia's first motion to continue was made on May 10, 1993, after Robert, on April 29, filed his first application to modify the parties' dissolution decree to provide him more visitation time with the parties' two minor children. A hearing on that application was set for September 19. The transcript is silent as to whether the trial court ruled on Patricia's May 10 continuance request. On August 16, Robert filed a second application to modify the parties' dissolution decree. In that application, Robert asked the court to transfer the care, custody,

and control of the parties' minor children to him. A hearing on that application was set for September 7, a Tuesday. Patricia sought a continuance of that hearing and requested that the hearing be held on a Monday late in the day so that the children would not have to be removed from school and because she would be out of class by late afternoon. It appears from the record before us that this was the first continuance that Patricia received. The hearing was continued to Monday, October 25.

The record appears to reflect that Patricia was granted her second continuance at an October 25 in-chambers hearing where an allegation that the younger son of the parties had allegedly been sexually abused by the son of a babysitter was brought to the court's attention. We observe, however, that the trial court's appointment of a guardian ad litem to report on the case would have necessitated a continuance on the issue of custody regardless of whether Patricia requested a continuance. The October 25 hearing was continued to May 18, 1994.

The Court of Appeals found that Patricia made no showing to the trial court that she had sought, and was denied, alternative arrangements for her classes scheduled for May 18. However, Patricia's attorney stated to the trial court that "she [Patricia] had no choice" but to make up her final classes on that day. Patricia's attorney also stated that the class she was attending should be her last for completion of her training to become a registered nurse. The record reflects that the trial judge, at least at the hearing on Patricia's motion for new trial, was aware on June 17 that she had completed her training to become a registered nurse. The record reflects that Patricia was to take her licensing examinations in July. The record is silent as to when Patricia first knew when she would have to attend a makeup class on May 18. The makeup classes were necessitated because Patricia missed the classes around the time of her mother's death.

The issue to be decided at the May 18 hearing was important. The relationship between parent and child is constitutionally protected. *Shoecraft v. Catholic Social Servs. Bureau*, 222 Neb. 574, 385 N.W.2d 448 (1986).

It is well recognized that a trial court has discretion to grant or deny a continuance. However, in this case, the trial judge

abused that discretion because his denial was clearly untenable, unfairly depriving Patricia of a substantial right and a fair trial. In this case, in her affidavit supporting her motion to continue the hearing from May 18, 1994, Patricia advised the court that she would be able to appear on May 19, 20, 26, or 27; June 2 or 3; or any time after June 8. This evidence refutes any suspicion that in seeking a continuance, Patricia was attempting to be dilatory. In not appearing on May 18, Patricia was not attempting to ignore the court. A week before, her lawyer had orally asked the court for the continuance of the May 18 hearing, which was denied. It should have come as no surprise that a written motion for a continuance, supported by an affidavit, was filed on the day of the hearing. Patricia's request for a continuance was not frivolous. She was attempting to complete her education so she could obtain a license as a registered nurse rather than continue as a licensed practical nurse. Her goal could not be accomplished without her making up the classes she missed around the time her mother died. Patricia's becoming a registered nurse would ultimately be of benefit to the parties' children.

If the court had found that the granting of a continuance would have inconvenienced Robert, his lawyer, or the court, or that Robert would have additional expense because of the continuance, the trial court could have imposed a less onerous sanction upon Patricia for seeking a continuance of the scheduled hearing on May 18, 1994.

Because of the gravity of the matter to be decided on the evidence adduced at the May 18, 1994, hearing, because Patricia appears to have been granted only two continuances (one of which would have undoubtedly been granted anyway to accommodate the guardian ad litem), and because there is no discernible intent on Patricia's part to unnecessarily delay the proceedings, we find that under the circumstances of this case, the district court abused its discretion in denying Patricia's motion to continue the May 18 hearing. The Court of Appeals should have so held.

We reverse the Court of Appeals' affirmance of the district court's modification order and remand the cause to the Court of Appeals with direction to set aside the district court's order of

modification and grant Patricia's motion for a new trial on Robert's second application for modification of decree.

REVERSED AND REMANDED WITH DIRECTION.