AMY WEISS, APPELLEE, V. GARY WEISS, APPELLANT.

620 N.W.2d 744

Filed January 5, 2001. No. S-00-105.

Jeffery R. Kirkpatrick and Mary Kay Hansen, of McHenry, Haszard, Hansen & Roth, for appellant.

Amie C. Martinez, of Anderson, Creager & Wittstruck, P.C., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Gary Weiss appeals from an order of the district court for Lancaster County, Nebraska, denying his motion for new trial following a decree dissolving his marriage to Amy Weiss, now

known as Amy Svoboda, and awarding custody of the parties' minor child to Svoboda. The principal issue on appeal is whether the district court erred in denying Weiss' pro se motion for a continuance filed 10 days after his attorney was given leave to withdraw from the case and 16 days prior to the commencement of trial. We conclude that the district court erred in not granting the continuance and therefore reverse, and remand for a new trial.

## BACKGROUND

In Svoboda's petition for dissolution filed on September 18, 1998, she prayed for custody of the parties' son, born on September 30, 1994, as well as child support, alimony, and an equitable division of marital assets. On October 28, the court entered an order awarding the parties temporary joint custody of the child and requiring Weiss to pay temporary child support. Weiss' counsel filed a pretrial memorandum on April 19, 1999, designating child custody as one of the issues in dispute. At a pretrial conference on June 18, the case was scheduled for trial commencing on September 20 and concluding on the following day. Upon Weiss' realizing that the trial was scheduled to commence on a religious holiday which he observed, he requested a change in the commencement date, as a result of which the first day of trial was moved forward to September 16.

On August 18, 1999, Weiss' counsel filed a motion for leave to withdraw from the case. Following a hearing, the motion was granted and a notice of withdrawal was filed on August 23. According to Weiss' affidavit submitted in support of his motion for new trial, the withdrawal resulted from his disagreement with his attorney regarding trial strategy. On August 19, Weiss consulted a Lincoln attorney, who explained that he no longer litigated dissolution cases but referred him to other attorneys who would be qualified to represent him. Weiss contacted one of these attorneys on the same day and scheduled an appointment for August 23 to discuss possible representation. At this meeting, the attorney expressed reservation about his ability to rearrange his schedule to enable him to prepare for trial beginning on September 16 and requested 3 days in order to determine whether he could do so. On August 26, the attorney advised Weiss that he could not accept the case because he would not

have adequate time for preparation. Weiss was unable to make contact with another attorney to whom he had been referred.

In a letter dated August 30, 1999, which was jointly addressed to Weiss and counsel for Svoboda, the trial judge indicated his understanding that a continuance would be requested by Weiss and stated it likely would not be granted because Weiss had had sufficient time to obtain alternate counsel following the withdrawal of his original attorney. This letter was received by Weiss on August 31, 1 day after he had filed his motion for continuance of the trial date. In that motion, Weiss recited in detail the specific nature of his disagreement with his former attorney as well as his unsuccessful efforts to retain new counsel. He further stated: "The only significant disputed issue is custody of the parties' minor child. This entire matter is far too important for Respondent to proceed to trial with unprepared counsel or, worse yet, no representation at all."

The motion for continuance was noticed for hearing on September 16, 1999, the first day of trial. According to Weiss' uncontested affidavit, this was the earliest hearing date he was able to obtain from the bailiff. Weiss appeared on that date pro se and argued the motion, outlining again in detail the circumstances leading to the withdrawal of his attorney and his unsuccessful efforts to retain new counsel. Svoboda, through her attorney, resisted the motion. Immediately following argument, the court ruled from the bench as follows:

> It appears that this case has been pending for some time and that it was scheduled to start trial on June 18th — a two day trial, June 18th of this year, and it was moved. The second time it was scheduled for was September 20th and 21st of this year, which was again changed at the respondent's request. For that reason the motion to continue is denied, and the case will proceed to trial this morning.

Trial began immediately thereafter and was concluded on September 21. Weiss appeared pro se throughout the 2-day trial.

In the district court's decree entered on December 1, 1999, it awarded custody of the parties' child to Svoboda and visitation rights to Weiss. It further required Weiss to pay child support in the amount of $849 per month, as well as a proportion of daycare and medical expenses and the entire cost of the child's

health insurance coverage. The decree also included provisions regarding the division of marital assets and restoration of Svoboda's inheritance and maiden name, but did not specifically address a division of debts incurred during the marriage.

Weiss filed a timely motion for new trial through his present counsel, asserting an irregularity in proceedings allegedly depriving him of a fair trial and an assertion that the judgment was not sustained by sufficient evidence and was contrary to law. Following an evidentiary hearing focused primarily upon the denial of Weiss' motion for continuance prior to trial, the court overruled the motion for new trial. Weiss perfected this timely appeal, which we removed to our docket on our own motion pursuant to our authority to regulate the dockets of the appellate courts. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Weiss assigns as error that the district court abused its discretion in (1) denying his motion for continuance, (2) failing to equitably divide and apportion marital debts, (3) computing child support incorrectly by not taking into consideration the fact that Weiss was supporting a child from a previous marriage, and (4) failing to award custody of the minor child to Weiss.

## STANDARD OF REVIEW

Appeals in domestic relations matters are heard de novo on the record. *Brunges v. Brunges, ante* p. 660, 619 N.W.2d 456 (2000). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Brunges v. Brunges, supra*; *Weinand v. Weinand, ante* p. 146, 616 N.W.2d 1 (2000).

Generally, a motion for a continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995); *Grady v. Visiting Nurse Assn.*, 246 Neb. 1013, 524 N.W.2d 559 (1994).

## ANALYSIS

As an initial matter, we conclude that Weiss' pro se motion for continuance was in substantial compliance with Neb. Rev.

Stat. § 25-1148 (Reissue 1995). As noted above, we review a trial court's denial of a continuance for abuse of discretion. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999). Thus, abuse of discretion turns on the actions of the district court as applied to a given set of circumstances. In a dissolution proceeding such as this, our review of those circumstances is made de novo on the record. See *Brunges v. Brunges, supra.*

Our analysis of this issue is aided by our opinion in *Adrian v. Adrian, supra*, a case in which a father requested the district court to modify its decree of dissolution by transferring custody of two minor children from their mother to him. The mother, who was enrolled in a training program to become a registered nurse, sought and obtained a continuance of the initially scheduled hearing date on the ground that it conflicted with a class. She obtained a second continuance after new allegations by the father necessitated the appointment of a guardian ad litem. Six days before the rescheduled hearing, her attorney again requested a continuance on the ground that the mother was required to make up a class, which she had missed because of the death of her mother, in order to complete her training program. The district court denied the motion on grounds that it was untimely and that the mother had previously been given "'several continuances.'" *Adrian v. Adrian*, 249 Neb. at 57, 541 N.W.2d at 390. The hearing proceeded in the mother's absence, with her interests being represented by her attorney. The court granted the requested modification of custody, and on the mother's appeal, the Nebraska Court of Appeals held that the trial court had not abused its discretion in denying the motion for continuance. After granting further review, we reversed, and remanded for a new trial based upon our conclusion that under the circumstances, the denial of the mother's requested continuance constituted an abuse of discretion for three basic reasons. First, based upon our de novo review of the record, we concluded that the mother had not been granted "several continuances" as stated by the trial court, but, rather, "only two continuances." *Id.* Second, we noted the importance of the issue of

child custody in that "[t]he relationship between parent and child is constitutionally protected." *Id.* at 58, 541 N.W.2d at 391, citing *Shoecraft v. Catholic Social Servs. Bureau,* 222 Neb. 574, 385 N.W.2d 448 (1986). Third, we concluded that the record did not indicate that the mother sought the continuance for a frivolous reason or a dilatory motive.

Applying the same analytical factors to the circumstances presented in this case, we initially conclude on the basis of our de novo review of the record that the district court was mistaken in stating that the trial was initially scheduled to begin on June 18, 1999, and continued at the request of Weiss. The record contains no order setting trial for this date, and the representation in Weiss' affidavit that the initial trial dates of September 20 to 21 were set during a *pretrial conference* on June 18 was confirmed by counsel for both the parties during oral argument. Although Weiss subsequently requested a change in the first scheduled day of trial because it fell on a religious holiday, this did not result in a continuance, but, rather, an acceleration of the first day of trial and did not affect the original scheduling of the second day. Thus, the record reflects no continuances, either requested or granted, prior to Weiss' motion for continuance filed on August 30.

As in *Adrian v. Adrian,* 249 Neb. 53, 541 N.W.2d 388 (1995), the trial of this case involved the constitutionally protected relationship between parent and child. While there is no recognized right to counsel in marriage dissolution proceedings, it is certainly understandable that a parent untrained in the law would desire and benefit greatly from legal representation in a proceeding in which his custody rights will be adjudicated. And, as in *Adrian,* we discern no intent on the part of Weiss to unnecessarily delay the proceedings. From our de novo review of the record, it appears that the discharge and subsequent withdrawal of Weiss' counsel was not motivated by any intent to delay the proceedings, but, rather, by a good faith disagreement between attorney and client regarding trial strategy. The record further reflects that Weiss acted promptly and diligently in attempting to secure new counsel and that he requested a continuance only after those efforts proved unsuccessful. The fact that the motion was not heard until the day on which trial was scheduled to com-

mence was apparently the result of the court's crowded docket and does not reflect any lack of diligence on Weiss' part. When his motion was denied, Weiss was immediately thrust into the unenviable position of defending his own interests in a complex dissolution proceeding without the assistance of counsel. The record clearly reflects the understandable fact that he was ill-prepared for this task and was prejudiced thereby in attempting to present evidence on his behalf. See *Dolen v. State*, 148 Neb. 317, 323, 27 N.W.2d 264, 268 (1947) (stating principle that "[e]ven in a civil case this court has recognized the necessity for time for the proper preparation of a case"). See, also, *Richelieu v. Union P. R. Co.*, 97 Neb. 360, 149 N.W. 772 (1914) (articulating proposition that when district court refuses to allow defendant continuance and defendant is thereby prevented from presenting his or her theory of defense to court, action of court is abuse of discretion).

For these reasons, we conclude that the district court abused its discretion in denying the motion for continuance. Because this issue is dispositive of the appeal, we do not address the other assignments of error.

## CONCLUSION

The district court abused its discretion in denying the motion for continuance and therefore erred in denying the motion for new trial. Accordingly, we reverse, and remand for a new trial on all issues.

REVERSED AND REMANDED FOR A NEW TRIAL.

HENDRY, C.J., not participating.