IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


McCarty v. McCarty


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


Crystal A. McCarty, appellant,

v.

Brenda S. McCarty and Jon Parsons, appellees.


Filed May 7, 2019.   No. A-18-597.


Appeal from the District Court for Sarpy County: Stefanie A. Martinez, Judge. Vacated and remanded for further proceedings.

Chinazo C. Odigbo for appellant.

Stephanie Weber Milone, of Milone Law Office, for appellee Brenda S. McCarty.

Jon Parsons, pro se.


Moore, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

INTRODUCTION

Crystal A. McCarty appeals from a decree of dissolution entered by the district court for Sarpy County dissolving her marriage to Brenda S. McCarty and dividing their property and debts. On appeal, Crystal assigns error to the district court's denial of her request for a continuance, denial of her request for a new trial, and various errors in the division of property. Similarly, Jon Parsons, the necessary party, claims error in the judgment levied against him. We find that the district court abused its discretion in denying Crystal's request for a continuance, and therefore, we vacate the dissolution order and remand the cause to the district court for further proceedings.

- 1 -

BACKGROUND

Crystal and Brenda met in 2012 in Montego Bay, Jamaica. They married in Iowa in 2014. In July 2017, Crystal filed a complaint for dissolution, alleging that her relationship with Brenda was irretrievably broken.

The circumstances which led to Crystal's complaint are disputed. While in Jamaica for a family event for Crystal, there was an altercation between Crystal and Brenda. Following the altercation, Brenda returned to the United States, and Crystal returned the next day. Brenda alleged that the day after Crystal returned from Jamaica, Crystal withdrew $24,900 from their joint bank account and put the money in an account which was solely in Crystal's name.

After Crystal filed her complaint for dissolution, the district court entered a temporary order awarding Brenda exclusive use and possession of the house. The court further ordered Crystal to deposit the money she withdrew from the couple's joint account with the clerk of the district court. Brenda subsequently filed a motion to join Parsons as a necessary party and filed a cross-claim against him for conversion of $8,700. She alleged that Crystal paid $8,700 to Parsons out of the money Crystal withdrew from their joint account.

Trial was originally scheduled for March 2018; however, in February, Brenda filed a motion for a continuance. Before the court ruled on the motion, the parties stipulated to continue the trial date for 60 days. Trial was ultimately held in May.

Neither Crystal nor Parsons appeared at trial; however, Parsons' counsel was present. At the start of trial, the court indicated that it received an informal communication from Crystal that morning explaining that she was admitted to the hospital the previous night and requesting a continuance of the trial. Crystal, who had numerous attorneys throughout the divorce proceedings, was pro se at the time. Brenda objected to Crystal's request for a continuance because it did not comply with the statutory requirements for a motion to continue. The court denied Crystal's request and denied a subsequent oral motion for a continuance made by Parsons' counsel.

Brenda was the only witness who testified at trial. She testified that she owned the house in which she and Crystal resided during the marriage and Crystal's name was added to the title 3 months before Crystal filed for divorce. At the time of trial, Brenda was receiving roughly $1,888 per month from the Veteran's Association for pension and disability, and she used those payments to pay the mortgage on the house. Brenda also testified that she had three joint bank accounts with Crystal, but they did not have any joint credit cards.

Brenda further stated that she made a police report regarding the money that Crystal withdrew from their joint account. Although Crystal previously stated that she withdrew the money to pay the couple's bills, including $8,700 to Parsons for a loan he provided them, Brenda indicated that she never signed a loan agreement with Parsons and never intimated to him that she would repay any money he loaned to Crystal. Brenda also stated that she did not authorize Crystal to pay Parsons from their joint account. Records from the district court submitted by Brenda indicate that Crystal deposited only $6,350 of the $24,900 she withdrew from the joint account.

Brenda provided additional testimony regarding the vehicles that she owned during and after the marriage, including Crystal's use of a 2017 Hyundai Tucson. She also identified certain other personal property she owned and a pension plan, but we need not recount those details here.

Brenda testified regarding a 25-acre property in Jamaica which she asserted she owned. The Jamaica property belonged to Crystal's family, but had been in foreclosure, and Brenda paid the back taxes on the property. Brenda indicated that she is not on the deed for the Jamaica property, but is on the tax record as paying for it. In her property statement offered at trial, Brenda stated that the Jamaica property was worth $50,000.

Brenda was then called as a witness by Parsons' counsel. He questioned her regarding two wire transfers from Parsons to Crystal in February 2017, which purported to show that Parsons loaned money to Crystal and Brenda. Brenda testified that she did not know anything about these money transfers. However, Brenda did testify that in July 2017 she learned that Parsons loaned Crystal money to pay off her credit card debt so that Crystal could be added to Brenda's deed to the house. Brenda stated that once she learned of the loan she agreed to pay Parsons back because she was still married to Crystal at the time. Brenda further testified that Crystal transferred money from a joint account which was in both of their names into an account solely in Crystal's name, and then transferred money to Parsons from that account.

Following trial, the district court issued a decree dissolving the marriage between Crystal and Brenda. The court found that Crystal dissipated $15,502.62 of the $24,900 in marital funds that she withdrew from the couple's joint account. The court divided the property, but because we are remanding the case for a new trial, we do not detail the division here, other than to note that the division substantially conformed to Brenda's proposed property statement. A judgment was also entered against Parsons, ordering him to repay $8,700 to Brenda.

Crystal and Parsons each timely filed a motion for new trial. Crystal argued that a new trial should be granted because she was ill and was not able to attend the trial. She submitted a copy of her medical record indicating that she went to the hospital the night before the trial with dehydration and a urinary tract infection. Parsons argued that a new trial was warranted because Crystal did not attend trial and therefore he was unable to present his defense. The district court denied both motions. Crystal timely appealed. Parsons also filed a nonconforming brief seeking affirmative relief.

ASSIGNMENTS OF ERROR

Crystal assigns, renumbered and restated, the district court erred in (1) denying her request for a continuance due to her inability to be present for trial due to her illness, (2) denying her motion for a new trial, (3) finding that Crystal dissipated marital funds, (4) finding that the credit card debts accrued during the marriage was not marital debt, (5) finding that the 25-acre property in Jamaica was part of the marital estate, and (6) failing to provide proper division of Brenda's pension funds accrued during the marriage.

Parsons generally argues that the district court erred in entering a judgment against him in the amount of $8,700, but, as stated above, his brief does not comply with the requirements for a cross-appeal. We therefore do not address his arguments. See *Keef v. State*, 271 Neb. 738, 716 N.W.2d 58 (2006).

STANDARD OF REVIEW

A motion for continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014). A judicial abuse of discretion exists if the reasons or ruling of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Osantowski v. Osantowski*, 298 Neb. 339, 904 N.W.2d 251 (2017).

In a marital dissolution action, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Bergmeier v. Bergmeier*, 296 Neb. 440, 894 N.W.2d 266 (2017).

ANALYSIS

*Motion to Continue Trial.*

In her first assigned error, Crystal asserts that the district court erred in denying her request for a continuance because she was unable to attend trial due to illness. At the outset, we note that while Crystal properly assigned the denial of the continuance as error, she argues the issue solely in the context of the denial of her motion for new trial. Generally, errors assigned but not argued will not be addressed on appeal. *Shipferling v. Cook*, 266 Neb. 430, 665 N.W.2d 648 (2003). However, because Crystal argues the merits of her inability to attend trial, we proceed to address the court's refusal to grant a continuance and find an abuse of discretion.

On the morning of the trial, at 1:21 a.m., Parsons sent an email to "C M" and to the court's bailiff which stated "Here is letter from doctor ref hospital visit, for the judge ref. request for continuance. Ms. Mccarty [sic] just got out of ER at hospital and following doctors [sic] order. Questions please call in the morning. Thanks." Our record does not contain an attachment to that email. However, at 8:07 a.m. that same morning, Crystal sent an email to the court's bailiff stating:

> This is Crystal McCarty, I fell very ill yesterday and was in the hospital. . . . I was wondering if the judge could move the hearing for 10:30am today. I have gotten some medicine for my migraine and dehydration from the hospital lastnight [sic] and I feel a little better so I would try to attend court today has [sic] I really want this process to be over with because it's affecting me in so many ways.

The bailiff responded to Crystal at 9:29 a.m., "I will let you know when the judge decides on your request for continuance." Our record does not include any further communication between Crystal and the bailiff.

At the start of trial, the district court acknowledged that she received "some informal correspondence via email" from Parsons and Crystal requesting a continuance because of an illness. The court went on to state, "Well, at this time I'm going to find there's - this matter was set for trial. There hasn't been any formal request for a continuance. There's no evidence to show that there's good cause for this request for a continuance. So I'm going to deny it at this time."

Neb. Rev. Stat. § 25-1148 (Reissue 2016) provides in part:

Whenever application for continuance or adjournment is made by a party or parties to any cause or proceeding pending in the district court of any county, such application shall be by written motion entitled in the cause or proceeding and setting forth the grounds upon which the application is made, which motion shall be supported by the affidavit or affidavits of person or persons competent to testify as witnesses under the laws of this state, in proof of and setting forth the facts upon which such continuance or adjournment is asked.

However, the failure to comply with the provisions of § 25-1148 is but a factor to be considered in determining whether a trial court abused its discretion in denying a continuance. *Velehradsky v. Velehradsky*, 13 Neb. App. 27, 688 N.W.2d 626 (2004) (proceeding to merits of motion for continuance despite absence of affidavit). See, also, *State v. Santos*, 238 Neb. 25, 468 N.W.2d 613 (1991) (finding oral nature of motion and lack of supporting affidavit were not, in and of themselves, sufficient basis upon which to declare district court did not abuse its discretion in denying continuance); *State v. Matthews*, 8 Neb. App. 167, 590 N.W.2d 402 (1999) (addressing merits of oral motion for continuance).

In addition to a party's compliance with § 25-1148, we are to consider three analytical factors when reviewing a trial court's denial of a motion for continuance: (1) the number of continuances granted to the moving party, (2) the importance of the issue presented in the matter, and (3) whether the continuance was being sought for a frivolous reason or a dilatory motive. *Weiss v. Weiss*, 260 Neb. 1015, 620 N.W.2d 744 (2001); *Velehradsky v. Velehradsky, supra*. The Nebraska Supreme Court has found on at least two occasions that the denial of a motion for continuance in a dissolution or modification case constituted an abuse of discretion based upon the factors above. See, *Weiss v. Weiss, supra*; *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995).

Here, the district court denied the request because there was no "formal request" nor evidence of good cause. Brenda echoes this reason as the sole basis for affirming the court's decision on appeal. While it is clear that Crystal's request for a continuance did not comply with § 25-1148, we find that the other factors weigh in favor of granting her request.

The record indicates that this was Crystal's first request for a continuance. Brenda had requested a continuance of the original March 2018 trial date, and Crystal stipulated to that request. Hence, the trial was continued to May. Additionally, Brenda requested two continuances of a pretrial hearing, which the district court granted.

As to the second factor, the importance of the issue presented weighs in favor of granting Crystal's request. Although the dissolution did not involve child custody, it involved dissolving the marriage and dividing the marital estate. Crystal's presence at trial was crucially important, as it was her only opportunity to present evidence regarding the Jamaica property and other marital and nonmarital assets. In her absence, the court heard testimony from only Brenda, and therefore could only base its decree on the evidence of one party.

Finally, nothing in the record indicates that Crystal's request was for a frivolous reason or to delay the proceedings. In her email to the court, Crystal explained that she had been in the emergency room the night before trial. At the hearing on the motion for new trial, Crystal produced medical records that identified the dates of service as May 15, 2018, beginning at 21:57 and

continuing through May 16 at 1:00. Trial in this matter was scheduled for May 16 at 10:30 a.m. Those records further indicate that she presented at the emergency department with dehydration and a urinary tract infection. Crystal emailed the bailiff requesting a continuance, but also indicating that she would attempt to make it to trial if her continuance was not granted because she "really want[ed] this process to be over with." In response, the bailiff advised her that she would let Crystal "know when the judge decides on your request for continuance."

The court did not rule on Crystal's request for a continuance until the start of trial, and there is no indication in our record that the denial of her request was communicated to her, contrary to the bailiff's email. The record supports a conclusion that Crystal was active in filing motions and responding to requests during the proceedings, and that this request was not for dilatory purposes.

Consequently, we find that the district court abused its discretion in denying Crystal's request for a continuance; thus, we vacate the district court's decree and remand the cause for a new trial on all issues. Because we are remanding for a new trial, we do not address Crystal's remaining assigned errors. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015).

## CONCLUSION

The district court abused its discretion in denying Crystal's request for a continuance. As such, the dissolution decree is vacated and the cause is remanded for a new trial on all issues.

VACATED AND REMANDED FOR
FURTHER PROCEEDINGS.