IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


HARRIS V. MEDICS AT HOME


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


KEVIN B. HARRIS, JR., APPELLANT,

V.

MEDICS AT HOME, INC., A NEBRASKA CORPORATION,
AND TONY GRABOWSKI, APPELLEES.


Filed December 17, 2019.    Nos. A-19-242, A-19-250.


Appeals from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Jason M. Bruno and Jared C. Olson, of Sherrets, Bruno & Vogt, L.L.C., for appellant.

Dan H. Ketcham and Alexander D. Struck, of Engles, Ketcham, Olson & Keith, P.C., for appellees.


MOORE, Chief Judge, and RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Kevin B. Harris, Jr., appeals from a judgment entered following a jury trial held on a counterclaim by Medics at Home, Inc. (Medics), against him. The claim arose out of an automobile accident between Harris and an ambulance operated by an employee of Medics. On appeal, Harris asserts the district court for Douglas County abused its discretion in denying his motion to continue trial and his motion to reconsider his motion to continue. We affirm.

### BACKGROUND

In September 2015, Harris filed a complaint against Medics, alleging that Medics' employee Tony Grabowski negligently operated Medics' ambulance and caused an accident

involving Harris on June 26. Medics filed a counterclaim alleging that Harris negligently caused the accident. Harris' action was dismissed by the district court for lack of prosecution in March 2017; however, it was reinstated by joint stipulation of the parties in May. Following reinstatement, trial was scheduled for April 2018, and all expert discovery was to be completed by November 15, 2017.

In August 2017, Medics filed a second amended answer and counterclaim against Harris, again alleging that he was liable for the accident. After a joint motion for a continuance, trial was continued until February 11, 2019. The deadline for Harris to designate his expert witness was extended to June 1, 2018, and the defendants' expert deadline was set for July 15. A pretrial conference was scheduled for January 31, 2019. On January 23, Harris filed a motion to continue trial. He asserted that his medical expert ordered that he undergo a new CT scan and requested that a functional capacity evaluation be completed before the expert would issue his opinion regarding the extent of Harris' injuries. Harris' counsel averred in an affidavit attached to the motion that the expert witness advised him of the need for these additional tests on January 3, and Harris was unable to have the tests performed prior to trial.

A hearing was held on Harris' motion to continue on January 31, 2019; however, the contents of the proceeding are not in our record. Harris filed a motion to reconsider his motion to continue on February 6. In his second motion, Harris asserted that Medics would not be prejudiced if the court granted his continuance. Harris further stated that his counsel had determined that Harris may have had insurance at the time of the accident; therefore, his counsel did not have legal authority to defend against Medics' counterclaim. Finally, Harris requested that if no continuance was granted, the jury be asked to decide the amount of negligence attributable to each party.

The court issued an order on February 8, 2019, denying Harris' motion to continue. After reciting the procedural history of the case, the court determined that there was no basis to grant a continuance and that doing so would prejudice Medics. The court emphasized that expert opinions and depositions were to be initially completed more than 14 months prior to Harris' motion and that the case had been on file since September 2015. Following the court's order, Harris voluntarily dismissed his complaint against Medics.

A jury trial was held on Medics' counterclaim on February 11, 2019. At the trial, multiple witnesses for Medics testified that the ambulance driven by Grabowski had its lights and sirens on when Harris collided with it. Harris testified that the ambulance activated its lights only a half second before the accident. The jury entered a verdict in favor of Medics. Harris timely appealed.

## ASSIGNMENT OF ERROR

Harris assigns, consolidated and restated, that the district court erred in denying him a continuance.

## STANDARD OF REVIEW

A motion for a continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). An abuse of discretion occurs when a trial court's decision is based

upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Lombardo v. Sedlacek*, 299 Neb. 400, 908 N.W.2d 630 (2018).

## ANALYSIS

Harris argues that the district court erred in denying him a continuance. He filed a motion to continue on January 23, 2019, and an amended motion to reconsider his motion to continue on February 6. Because our analysis of whether the district court erred in denying Harris a continuance is dispositive of both motions, we analyze only whether the court's denial was an abuse of discretion and conclude that it was not.

Harris argued in his motion to continue that his medical expert required a new CT scan and a functional capacity evaluation before the expert could render an opinion regarding Harris' impairment and restrictions. Harris' counsel asserted in an affidavit that the expert informed him of these new tests on January 3, 2019. In denying Harris' motion to continue, the district court highlighted the procedural history of the case and noted that all expert witness discovery was to be initially completed in November 2017. The court further stated, "Prejudice would fall on [Medics] if all fact discovery or even expert discovery were reopened essentially starting anew with [Harris'] expert especially after the case has been on file since September 2015."

We find no abuse of discretion in the district court's ruling. Under case progression standards adopted by the Nebraska Supreme Court, civil jury cases are to be disposed of within 1 year to 18 months of filing, absent extraordinary circumstances. See *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017). Trial judges are encouraged to implement firm, consistent procedures for minimizing continuances to meet those standards. *Id.*

Here, Harris filed his complaint against Medics in September 2015. The case was dismissed for lack of progression in March 2017, but was reinstated in May. Following the court's reinstatement of the case, trial was scheduled for April 2018. The parties were ordered to be ready for trial no later than February 1. In April, trial was continued until February 2019. Harris was ordered to designate his expert witness before June 1, 2018. Accordingly, the case had been pending for nearly 4 years when the court denied Harris' motion to continue. Thus, in denying Harris' motion to continue, the district court took a firm step to ensure that the case was not delayed any longer; therefore, the court's decision was not untenable nor unreasonable.

Moreover, contrary to Harris' argument on appeal, his requested continuance would not result in a short delay of trial. It would undoubtedly take time for Harris to undergo the requisite tests and for his expert witness to review the tests and render an opinion. Medics would then be allowed to conduct discovery of its own, delaying the case even longer. As the court noted, expert opinions and depositions were to be completed more than a year before Harris filed his motion to continue. Therefore, because the court took steps to avoid further delays and ensure that a trial was timely held on the matter, there was no abuse of discretion.

In our review of a denial of a motion to dismiss, we are mindful that appellate courts are to consider three analytical factors: (1) the number of continuances granted to the moving party, (2) the importance of the issue presented in the matter, and (3) whether the continuance was being sought for a frivolous reason or a dilatory motive. *Weiss v. Weiss*, 260 Neb. 1015, 620 N.W.2d 744 (2001). In analyzing the above factors, we affirm the district court's decision.

First, although the present motion was Harris' first request to continue trial, the case had previously been dismissed at Harris' costs on March 7, 2017, for lack of prosecution. After reinstatement in May, the parties stipulated to a continuance from April 2018 until February 2019. At the time Harris filed his motion to continue, the case had been on file nearly 3½ years.

As to the second factor, the importance of the issue being tried, the Supreme Court has stated:

> To warrant a continuance because of the absence of a witness or evidence, the expected evidence must be credible and such as probably to affect the result. The absence of evidence that plainly cannot alter the result of the action is clearly no ground for a motion to continue a cause. 17 C.J.S. Continuances § 51 at 428 (1963).

*First Nat. Bank v. Schroeder*, 222 Neb. 330, 332-33, 383 N.W.2d 755, 757 (1986).

Here, the parties contested liability, each claiming that the other negligently caused the accident. Before the jury could reach the issue of damages, liability needed to be determined. Harris recognized as much in his amended motion to reconsider, when he asked that the jury be allowed to apportion negligence if no continuance was granted. Opinions as to Harris' injuries and lost earning capacity played no role in determining liability. And, as reflected in the verdict, the jury found in favor of Medics on the issue of liability. Despite Harris' request for apportionment, no jury instruction appears regarding comparative negligence, nor does the bill of exceptions from the jury instruction conference reflect any such proposed instruction or any objections to the court's proposed instructions. Therefore, as to the issue of liability, medical opinions regarding Harris' damages were irrelevant.

More importantly, however, we conclude that Harris' motion to continue was dilatory. The initial deadline for expert discovery was November 15, 2017. When trial was continued from April 2018 to February 2019, Harris was ordered to designate his expert by June 1, 2018. But it was not until January 3, 2019, that Harris' counsel met with the expert to finalize his opinions; opinions that were required to be disclosed months prior.

We further find the assertion that it was recently discovered that Harris may have had insurance was dilatory, if not frivolous. The counterclaim had been on file since August 2016; thus, the need for a defense to the counterclaim was known to Harris and his counsel for nearly 2½ years. We see no reason to wait until the eve of trial to discover insurance coverage that would have provided a defense.

On appeal, Harris argues that the three factors stated in *Weiss v. Weiss, supra*, militate this court ruling in his favor. However, as iterated above, after analyzing the factors, we find that the district court did not abuse its discretion in denying Harris' motion to continue. Harris also asserts that he did not have adequate time to prepare for Medics' counterclaim. However, Harris filed his complaint against Medics in September 2015, alleging that Grabowski negligently caused the accident. Medics filed its counterclaim against Harris in August 2016 and an amended counterclaim in August 2017. Thus, Harris had 3½ years to prepare a defense to the counterclaim.

Harris also argues on appeal that the district court's denial of his motion to continue was a discovery sanction that was overly harsh and a "death sentence" on his claims against Medics. Brief for appellant at 16-17. However, Nebraska courts, through their inherent judicial power, have

the authority to do all things necessary for the proper administration of justice. *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017). As we explained above, this case had been on file for 4 years and discovery deadlines had long passed. In light of the length of time the case had been pending, and the fact that discovery had been closed for several months at the time Harris filed his motion to continue, the district court did not abuse its discretion in denying the motion to continue.

CONCLUSION

We find no abuse of discretion in the district court's refusal to grant Harris' motion for a continuance. We therefore affirm the jury verdict and judgment.

AFFIRMED.