IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


HILLYER V. HILLYER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


SKYLAR M. HILLYER, APPELLANT,

V.

SHARON L. HILLYER, APPELLEE.


Filed March 4, 2025.    No. A-24-303.


Appeal from the District Court for Cheyenne County: DEREK C. WEIMER, Judge. Affirmed.

William E. Madelung, of Madelung Law Office, P.C., L.L.O., for appellant.

Jackson L. Slechta and Jaquelin G. Leef, of Slechta Law, for appellee.


MOORE, PIRTLE, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Skylar M. Hillyer appeals from the decree of dissolution entered by the Cheyenne County District Court. Skylar's sole assignment of error is that the district court abused its discretion in denying his motion to continue the dissolution trial. Finding no abuse of discretion, we affirm.

## STATEMENT OF FACTS

Skylar and Sharon L. Hillyer were married on January 23, 2016. One child was born to the parties in 2017. Skylar filed a complaint for dissolution of marriage on March 15, 2023. Skylar requested that the court divide the parties' property and debts, and award both parents the legal and physical custody of their child. Sharon filed an answer and counterclaim in which she also sought the division of the property and debts and requested that she be awarded custody of the child, that parenting time be determined, and that she be awarded child support. Both parties were self-represented at the time of the filing of these initial pleadings.

- 1 -

On September 13, 2023, the district court held a hearing; although not clear, it appears that it pertained to temporary orders. Both parties were represented by counsel at this point and throughout the remainder of the proceedings. The court entered an order which continued this hearing to September 27 (the order also set trial for January 24, 2024). On September 27, 2023, the court held a hearing on Sharon's "motion for temporary orders" (the motion is not in our transcript) at which time it took the matter under advisement. No temporary order is contained in our transcript, however, on October 26, Skylar filed a motion to modify the temporary orders "of October 6, 2023." This motion pertained to Skylar's supervised parenting time. Skylar then filed a motion to continue the hearing set for November 6 due to the illness of his attorney. The court granted the motion and rescheduled the hearing for November 29. Following a hearing on that date, the court approved a supervisor for Skylar's parenting time.

On January 18, 2024, Sharon filed a "notice of continuance," indicating that the trial was continued from January 24 to January 29 and 30.

On January 29, 2024, Skylar failed to appear for the trial. Skylar's attorney was not certain why his client and his witnesses were not present for trial. The attorney recounted that the January 24 date was continued due to his illness. He advised that his assistant confirmed that she had advised Skylar of the new trial date and had attempted to reach him this morning but "it went to voicemail." The attorney assumed that Skylar was not present due to some confusion or miscommunication and moved to continue the matter. Sharon's attorney opposed a continuance, noting that Skylar had not been very involved in the proceedings and had failed to exercise parenting time. The court overruled the request for a continuance. Sharon proceeded to present her evidence and the court reserved January 30 for Skylar's presentation of evidence.

Skylar again did not appear on January 30, 2024; his attorney indicated that he had been unable to contact Skylar and again asked for a continuance to a later date. The district court overruled the motion, finding this was "at the feet of [Skylar]." The court entered an order the same day in which it noted that Skylar's attorney had had no contact with Skylar, that the attorney requested a continuance, that Sharon objected, and that the court denied the motion to continue and took the case under advisement.

Skylar apparently moved for a new trial or reconsideration although the motion is not contained in our record. On February 7, 2024, Skylar's attorney filed a notice of hearing setting the motion to be heard on March 6. Skylar's attorney also filed an affidavit stating that Skylar contacted counsel on February 1 and indicated that he had just received the voicemails left by counsel on January 29, that he had not been informed of the new court date, and that he was a truck driver who often travels in areas without cell service.

Following the hearing on March 6, 2024, the district court entered an order on March 20, denying the motion for new trial or reconsideration and indicating that a decree would be prepared on the evidence presented at trial.

On March 25, 2024, the district court entered a decree of dissolution, which awarded sole legal and physical custody of the parties' child to Sharon, incorporated a parenting plan, ordered Skylar to pay child support of $292 per month, and set forth provisions regarding non-reimbursed medical expenses and childcare costs. In attached supplemental orders, the court also awarded Sharon the income tax deduction for the minor child and divided the parties' property and debts.

ASSIGNMENT OF ERROR

Skylar assigns that the district court abused its discretion by denying his motion to continue the trial.

STANDARD OF REVIEW

A motion for continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *In re Estate of Marsh*, 307 Neb. 893, 951 N.W.2d 486 (2020); *Weiss v. Weiss*, 260 Neb. 1015, 620 N.W.2d 744 (2001).

ANALYSIS

Skylar argues that the district court abused its discretion by overruling his motion to continue his part of the trial in order to give him the opportunity to present his witnesses and evidence. Skylar claims that the denial of his motion to continue resulted in a decision which was untenable and unfairly deprived him of a substantial right or a just result. He asserts that a short continuance to allow him to present his evidence would not have had any appreciable effect on Sharon and would have insured that the court had all the relevant evidence available before making critical decisions regarding the rights of the parties and the welfare of the parties' minor child. Notably, Skylar does not detail what evidence he would have presented or how it would have impacted the court's decree.

Neb. Rev. Stat. § 25-1148 (Reissue 2016) generally requires that applications for continuance be by written motion setting forth the grounds upon which the application is made, supported by affidavit. Further, the trial court has discretion to grant or refuse the application. Nevertheless, the grant of a continuance without a written motion has been upheld so long as the motion is set forth in the record. See *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013). An appellate court will assess motions to continue a trial that do not fully comply with the rule governing requests for continuance in the broader context of the parties' substantial rights. See *State on behalf of Keegan M. v. Joshua M.*, 20 Neb. App. 411, 824 N.W.2d 383 (2012).

Although not by itself dispositive, we observe that no written application for a continuance, supported by an affidavit, was filed in this case pursuant to § 25-1148. Skylar's attorney filed an affidavit outlining his client's reasons for missing the trial, however, this affidavit was filed after the oral motion for a continuance of the January 30, 2024, trial was denied. The affidavit was prepared by Skylar's attorney, not Skylar.

In *Weiss v. Weiss, supra*, the Nebraska Supreme Court found that the district court erred in denying the husband's pro se motion for a continuance filed 10 days after his attorney was given leave to withdraw from the case and 16 days prior to the commencement of trial. The husband had filed a written motion for continuance outlining his efforts to retain new counsel. The Supreme Court noted that it was the husband's first motion to continue, the trial involved the constitutionally protected relationship between parent and child, and there appeared to be no intent on the husband's part to unnecessarily delay the proceedings.

Here, Skylar's attorney first orally requested a continuance of the trial on January 29, 2024, when Skylar did not appear for trial. Discussion between the court and both counsel indicated that the reason the initial trial date of January 24 was continued was due to illness of Skylar's attorney. Skylar's attorney surmised that there was a miscommunication between his office and Skylar

regarding the rescheduled trial dates. The district court denied the request to continue, heard Sharon's case in chief, and held the record open to allow Skylar to present evidence on the following day. On January 30, Skylar again did not appear, his attorney indicated that he had been unable to contact Skylar, and again asked for a continuance to a later date. The district court overruled the motion, finding this was "at the feet of [Skylar]."

The record before us does not show repeated requests to continue the trial by Skylar nor is there evidence that the request for a continuance of the January 30, 2024, trial date was made for the purpose of delay. However, Skylar has failed to show how he has been denied an unjust result due to the denial of his request for a continuance.

On the first day trial, Sharon introduced evidence including discovery responses from Skylar, a property statement showing assets and debts, and Sharon's paystubs and tax returns. Testimony was given by Sharon, her father (from whom she bought her house), the minor child's school principal, and a guardian ad litem for the child. Sharon testified that she was the primary caretaker of the minor child, that Skylar traveled a lot in his previous job as a welder and current job as a truck driver, and that Skylar had not exercised his parenting time since the court entered the order for supervised parenting time. Sharon testified that Skylar is currently living in a shop building, and she was allowed to testify, over objection, to Skylar's earning capacity as a truck driver. Both parties have other children from prior relationships. Evidence was presented about a juvenile court case involving the minor child that was filed due to allegations of Skylar's excessive discipline or abuse against another of Sharon's children not of this marriage. According to the guardian ad litem, Skylar did not meet all of the requirements imposed in the juvenile court case to address his anger and domestic abuse. Skylar's attorney participated throughout the dissolution trial; he interposed objections to certain evidence and cross-examined Sharon.

Skylar does not allege what evidence he was unable to present or how the outcome of the case would have been impacted by his evidence. He assigns no error to any provisions of the decree of dissolution, nor does he show how his constitutionally protected relationship with his child was harmed. In short, he has failed to show that the district court's denial of his request for a continuance negatively impacted his substantial rights.

Under these circumstances, we cannot say that the district court abused its discretion by denying Skylar's request to continue the trial.

CONCLUSION

The district court did not abuse its discretion in denying the Appellant's request to continue the dissolution trial. The decree of dissolution is affirmed in all respects.

AFFIRMED.